Commonwealth ex rel. Gillen *v.* Gillen, Appellant.

Argued March 12, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*William A. Gray,* for appellant.

*Norris S. Barratt, Jr.,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellee.

Opinion by Keller, J., April 15, 1931:

This is a proceeding under the Act of April 13, 1867, P. L. 78, brought on information of the defendant's wife for the support of his invalid minor son, Eugene. On the hearing in the municipal court it was developed that the defendant has two older sons, attending Villa Nova College, who are receiving sup-

port from their mother, one of whom is nearly, if not quite, twenty-one years old, and the other but slightly younger. The court ordered the defendant to pay $12 a week for the support of these three children.

The information which was the basis of this proceeding made no claim against the defendant for the maintenance of the two older children, and the order should have been restricted to the child on whose behalf the information was made. The court was without authority, of its own motion, to order defendant to maintain the two older children, for whom no support had been asked in the proceedings instituted by the wife. Furthermore the Act of 1867 cannot be used to require a father, at least in the circumstances of this defendant, to send to college, or maintain there, two sons almost of age.

The order must be restricted to the maintenance of the defendant's son, Eugene; and we can find nothing in the defendant's circumstances and earning ability, as contained in this record, to justify an order in excess of $7 a week.

The order is accordingly modified, and the defendant is ordered to pay his wife, Mary Gillen, the sum of seven dollars per week for the support of their son, Eugene, beginning from the 14th day of January, 1931, and enter into his own recognizance in the sum of five hundred dollars for his faithful compliance with this order. Costs on this appeal to be paid by appellant.