Opinion by
 

 Rhodes, J.,.
 

 This is an appeal by defendant from an order in a nonsnpport proceeding under the Act of June 24, 1939, P. L. 872, §733, 18 PS §4733, which has substantially reenacted the Act of April 13, 1867, P. L. 78, as amended, 18 PS §1251 et seq.
 
 Com. v. Shankel,
 
 144 Pa. Superior Ct. 476, 477, 19 A. 2d 493.
 

 Because of the conduct of appellant, relatrix left the family domicile on March 11,1941. Previously two children were born of the marriage. It is unnecessary to relate the events which culminated in the separation as it is admitted that relatrix is entitled to a support order.
 

 On May 16,1941, the court below entered a final order directing appellant to pay $50 per week for the support of his wife and their twelve-year-old son who resides with her; appellant was also directed to pay $1,500 per year for the education and maintenance of their nineteen-year-old son at college.
 

 Appellant is engaged in the business of inspecting perishable foods and commodities with offices in Philadelphia, New York City, Albany, and Boston. The undisputed testimony is that in 1940 the net profit of the business, of which appellant claims to be the sole proprietor, was $6,684.40. The complaint is made that the order of the court below was erroneously based on this income. Appellant claims that his earnings in 1941 to the date of the hearing had decreased. Ordinarily an order of support must be based on the appellant’s property, income, and earning ability at the time of the hearing.
 
 Com. ex rel. Simmler v. Simmler,
 
 134 Pa. Superior Ct. 339, 343, 4 A. 2d 215;
 
 Com.. ex rel. Fort v. Fort,
 
 124 Pa. Superior Ct. 151, 153, 188 A. 416. How
 
 *377
 
 ever, the only definite testimony offered by appellant concerning his income in 1941 was the earnings of the Philadelphia, New York, and Boston offices for January and February of that year, two of the months in which there was a seasonable decrease in the business. The income of the corresponding months of 1940 was not disclosed, nor was a yearly income computed which would include the first two months of 1941. It appears that appellant’s business is highly seasonable. The principle .enunciated in the Simmler and Fort cases, supra, does not mean that the basis of the order, where the business is a seasonable one which greatly fluctuates during the course of a year, is the income or earning power of a husband in the few months prior to the hearing. This is particularly so where the income of the immediately preceding months does not fairly represent the average monthly income throughout the entire year. The income of 1940 was the only .reflection of the time earnings of .appellant. Compare
 
 Com. ex rel. v. Kramer,
 
 80 Pa. Superior Ct. 210. Furthermore, there was no full disclosure of the income for the two months in 1941 as no reference was made concerning the income received from the Albany office during that period.
 

 The next question is whether the court below properly exercised its discretion in fixing $50 per week as a reasonable and proper sum for the comfortable support of relatrix and their one minor son, and in determining the sufficiency of appellant’s ability to pay such sum.
 
 Com. ex rel. Elgart v. Elgart,
 
 137 Pa. Superior Ct. 418, 420, 9 A. 2d 202. Until the separation of the parties, relatrix actively participated in the conduct of the business. Since that time appellant has assumed complete control, and has collected the procéeds thereof. Relatrix claims a partnership interest in the business, but in the course of the hearing stated that the support order should be made on the basis that appellant was the sole proprietor, no claim being made for income from the business on account of a partnership interest.
 

 
 *378
 
 The family home is owned by appellant and relatrix as tenants by the entireties, and there was testimony that it has a rental value of $50 per month. Eelatrix expressed a desire to live there, and at the hearing it was stated on behalf of appellant that he was willing that she and the children occupy it. At the argument before us it was admitted by counsel for relatrix that it was now occupied by her. The parties also own a summer home in Vermont, and several lots in Florida. Taxes paid by appellant on the real estate approximate $300 yearly. They have joint savings fund accounts totaling $5,000, and relatrix has a separate account of $4,000. The testimony discloses that appellant started proceedings in the Court of Common Pleas of Philadelphia County ,by a bill in equity wherein he claims absolute ownership of the business. All the bank accounts have been frozen by this action.
 

 Appellant carries life insurance on his own life and the life of his older son with a cash surrender value of approximately $7,000. Relatrix is the named beneficiary in the policies. The premiums total approximately $1,600 a year. In addition appellant paid approximately $1,500 a year for the education and maintenance of their older son at college.
 

 In determining the “sufficient ability” of the husband, we have said that all the attendant circumstances as well as the actual amount earned should be considered. Co
 
 m. v. Knobloch,
 
 89 Pa. Superior Ct. 216, 218. But the present record does not establish that appellant’s present financial ability is sufficient to warrant an allowance of the amount fixed by the court below. His present annual expenditures are $1,600 for insurance premiums on policies in which relatrix is the named beneficiary; $300 for taxes on their properties; $1,500 for the maintenance, .support, and education of the older son at college. From an income of about $6,700 there would remain $3,300 for the payment of the present support order of $2,600 for the relatrix and the one
 
 *379
 
 minor child, and appellant’s own expenses. While the insurance is maintained and the taxes are paid by appellant, it cannot be said that these payments do not benefit and protect relatrix. There is no allegation that these payments are made to diminish his net income.
 

 The sole purpose of this proceeding is to secure an allowance for support of appellant’s family, having in view his ability to pay and the conditions under which the family lives.
 
 Com. v. Gilleland,
 
 93 Pa. Superior Ct. 307, 309;
 
 Com. ex rel. Fort v. Fort,
 
 supra, p. 152. “The foundation on which the judgment of the court must rest is the right of the wife to such support from her husband as she might reasonably expect from one in his financial situation. The married relation still continues, yet it is not the prerogative of the court to divide his estate”:
 
 Com. ex rel. v. Sherritt,
 
 83 Pa. Superior Ct. 301, at page 304. We are of one mind that the order of $50 per week is excessive, and should be modified by reducing the amount to $40 per week.
 

 Support orders are not final. If there is a change in conditions, the order can be increased or decreased as the circumstances of the case warrant.
 
 Com. v. Leonard,
 
 93 Pa. Superior Ct. 21, 28; Act of June 19, 1939, P. ,L. 440, No. 250, §1, 17 PS §263. And the rule that an order of support for a wife shall not exceed one-third of the husband’s income is not applicable where the support of a child or children is involved.
 
 Com. ex rel. Shotz v. Shotz,
 
 130 Pa. Superior Ct. 561, 563, 198 A. 472.
 

 That part of the order of the court below relating to the education and maintenance of appellant’s nineteen-year-old son at college must be vacated. In our judgment the record does not show, as stated by the court below, that appellant voluntarily agreed that such order be made. Appellant has been sending his son to the Massachusetts Institute of Technology; and at the hearing before the court below he stated that it was his intention to keep his son there as long as he was able to
 
 *380
 
 do so. His testimony does not warrant the construction which has been placed upon it. A court may require, if circumstances warrant, a father to provide for the education of his minor children in the public schools after they have completed the term required by the attendance laws.
 
 Com. v. Gilmore,
 
 97 Pa. Superior Ct. 303;
 
 Com. v. Campbell,
 
 123 Pa. Superior Ct. 72, 78. But it is well known that there are worthy parents in all parts of the country, with means greater than this appellant has, who do not furnish their children with the financial assistance necessary for a college education. We cannot say that each has failed in a legal duty to his child and to the state. To hold that the circumstances of this father
 
 require
 
 him to furnish his son with a college education would be an unwarranted conclusion. Hence in such a matter he is entitled to a measure of discretion, and must be allowed to exercise his own judgment. The Act of June 24, 1939, P. L. 872, 18 PS §4733, affords no basis for a court to require appellant, at least under the conditions disclosed by the evidence in this case, to send to and maintain at college his nineteen-year-old son.
 
 [1]
 

 Com. ex rel. Gillen v. Gillen,
 
 102 Pa. Superior Ct. 136, 138, 156 A. 572.
 

 The order of the court below is modified, and it is now ordered that the defendant pay to his wife, Catherine L. Binney, the sum of $40 per week for the support of herself and their twelve-year-old son from May 2, 1941, and give bond with sureties to be approved by the Court of Quarter Sessions of Delaware County, or a judge thereof, in the sum of $2,500 for the faithful
 
 *381
 
 performance of this order, and that he pay costs in the court below and stand committed until the order is complied with. Costs on this appeal to be paid by appellant.
 

 [1]
 

 For cases in. other jurisdictions where this matter has been, considered, see
 
 Streitwolf v. Streitwolf,
 
 58 N. J. Eq. 570, 43A. 904;
 
 Ziesel v. Ziesel,
 
 93 N. J. Eq. 153, 115 A. 435;
 
 Morris v. Morris,
 
 92 Ind. App. 65, 171 N. E. 386;
 
 Refer v. Refer,
 
 102 Mont. 121, 56 P. 2d 750;
 
 Hilliard v. Hilliard,
 
 197 Ill. 549, 64 N. E. 326;
 
 Luques v. Luques,
 
 127 Me. 356, 143 A. 263;
 
 Jackman v. Short,
 
 (Ore.), 109 P. 2d 860;
 
 Payette v. Payette,
 
 85 N. H. 297, 157 A. 531.