Commonwealth, Appellant, *v.* Wingert.

Argued April 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS and WRIGHT, JJ. (GUNTHER, J., absent).

*Dan P. Arnold,* with him *D. Edward Chaplin* and *Chaplin & Arnold,* for appellant.

*Luther C. Braham,* with him *Frank A. Whitsett, Galbreath, Braham & Gregg* and *Smith, Maine, Whitsett & Lee,* for appellee.

OPINION BY WRIGHT, J., July 14, 1953:

Appellant is defendant's former wife. This appeal is from an order of the court below releasing defendant from further support of their daughter, Mary Kathleen Wingert. While it is the function of this court to review the proceedings, it will not interfere with the order of the lower court unless there is a clear abuse of discretion: *Com. ex rel. Koehler v. Koehler,* 170 Pa. Superior Ct. 117, 84 A. 2d 253; *Com. ex rel. Mass v. Mass,* 170 Pa. Superior Ct. 545, 87 A. 2d 793; *Com. v. Henderson,* 170 Pa. Superior Ct. 559, 87 A. 2d 797.

Following a separation in 1927, a court order was entered against defendant for the support of his minor children. Appellant and defendant were subsequently divorced, and appellant has remarried. The case was listed for rehearing in 1951, at which time all of the children except Mary Kathleen were of age and self-supporting. An agreement was then reached between appellant and defendant whereby the sum of $2000.00 was paid for support of Mary Kathleen for the period from October 18, 1951, to October 17, 1952. In August 1952, a hearing was held on a petition asking for an increase in the allowance for Mary Kathleen, who had reached the age of seventeen years. She had graduated from a private high school and had applied for admission to the College of New Rochelle. It appears that she had won a scholarship in chemistry and had shown exceptional musical ability. She stood high in her class upon graduation. The testimony of the mother was to

the effect that it would cost approximately $3600.00 for tuition and expenses at the college and, in addition, that there should be an allowance of $15.00 a week for twelve weeks vacation. It was also developed that the school gives training, not in any particular field, but in the social cultures generally, including riding, golfing and similar lessons.

There was testimony as to the financial standing of the Wingert Contracting Company, and other capital assets owned by defendant; also as to his standard of living, and education advantages and gifts given to the other children. Evidence for the defendant showed that he had an annual income of $22,500.00 which, after taxes, was approximately $15,000.00 net. Defendant also attempted to establish that, because of his expenses, he was going in debt approximately $500.00 a month. It does not appear, however, that defendant is seriously contending that he is financially unable to send his daughter to college. At the time of the agreement in 1951, he stated that he would send Kathleen to college. Under no circumstances does he want any money to go to his wife or to her present husband.

Appellant's contention is that a father of the financial means of defendant cannot escape the responsibility of providing for the support of a seventeen-year-old daughter, who is a student of superior abilities, merely because she has completed high school and is attending college. She argues that "In the competitive society existing today, a college education for children of marked abilities is not a luxury, and where a parent has the financial means to provide the same, an arbitrary refusal so to do is unwarranted, harsh and improper". On the other hand, defendant takes the position that he is under no legal obligation to provide a college education for his children. It should be noted that there is no evidence that the child is not physically or mentally

capable of self-support. The lower court made special provision to hear further evidence in this respect, but none was offered.

The purpose of a support order is to secure a reasonable allowance for the support of the child or children, always having in mind the property and earning capacity of the father and the station in life of the parties: *Com. v. Elliott,* 157 Pa. Superior Ct. 619, 43 A. 2d 630. The court may require the father to provide his minor children with such education in the public schools, beyond the minimum required by law, as reasonably accords with the father's financial ability, and with the children's ability, progress and prospects: *Com. v. Gilmore,* 97 Pa. Superior Ct. 303; *Com. v. Nolan,* 111 Pa. Superior Ct. 174, 169 A. 247; *Com. v. Campbell,* 128 Pa. Superior Ct. 72, 193 A. 119; *Com. v. Lawson,* 153 Pa. Superior Ct. 446, 34 A. 2d 268. Additional support for the special schooling of a mentally retarded child may be warranted: *Com. v. Horner,* 168 Pa. Superior Ct. 411, 77 A. 2d 641; *Com. ex rel. Goldenberg v. Goldenberg,* 159 Pa. Superior Ct. 140, 47 A. 2d 532. And a father may be required to continue the support of a child who, though sound physically and mentally, is otherwise unemployable: *Com. ex rel. Nicholson v. Groff,* 169 Pa. Superior Ct. 12, 82 A. 2d 536. However, there are no appellate cases in Pennsylvania wherein the facts have been held to justify an order of support for a child attending college. See *Com. ex rel. Gillen v. Gillen,* 102 Pa. Superior Ct. 136.

The case at bar is similar to Com. ex rel. Binney v. Binney, 146 Pa. Superior Ct. 374, 22 A. 2d 598, in which Judge (now President Judge) RHODES delivered the opinion of the court. The following language well applies to the present situation: "A court may require, if the circumstances warrant, a father to provide for the education of his minor children in the public schools

after they have completed the term required by the attendance laws. . . But it is well known that there are worthy parents in all parts of the country, with means greater than this appellant has, who do not furnish their children with the financial assistance necessary for a college education. We cannot say that each has failed in a legal duty to his child and to the state. To hold that the circumstances of this father require him to furnish his son with a college education would be an unwarranted conclusion. Hence in such a matter he is entitled to a measure of discretion, and must be allowed to exercise his own judgment. The Act of June 24, 1939, P. L. 872, 18 PS §4733, affords no basis for a court to require appellant, at least under the conditions disclosed by the evidence in this case, to send to and maintain at college his nineteen-year-old son" (Citations omitted).

In the case at bar it appears to be the intention of the mother and daughter that the latter attend a college somewhat in the nature of a finishing school. We are always mindful of the fact that the trial judge has had the opportunity to see and hear the parties, and his conclusions are entitled to considerable weight: see *Com. ex rel. Suess v. Suess,* 100 Pa. Superior Ct. 437; *Com. ex rel. Snyder v. Snyder,* 120 Pa. Superior Ct. 189, 182 A. 62; *Com. v. Gensemer,* 122 Pa. Superior Ct. 456, 185 A. 867. President Judge BELL, in concluding his opinion, remarked: "It is the view of this Court that the education as now provided for the daughter is not of the type and character that would especially fit her for earning her livelihood, and that after a daughter has completed the high school course you cannot expect her parent to continue to provide for her indefinitely under the guise of going to college".

We are of the opinion that, under the facts in the present case, the refusal of the lower court to impose a

further order upon the defendant was not such an abuse of judicial discretion as to require our interference.

Order affirmed.