Commonwealth ex rel. Stomel *v.* Stomel, Appellant.

Argued November 18, 1955.   Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN,
JJ.

*Frank Carano,* for appellant.

*Harry P. Voldow,* for appellee.

OPINION BY ERVIN, J., January 17, 1956:

This is an appeal by the defendant father from an
order of the lower court directing him to pay $50.00 a
week for the support of his wife and two sons and in
addition directing him to pay the college tuition fees
of the two sons (which approximate $23.00 a week),
making a total order of $73.00 a week.

On appeal we will not interfere with the determina-
tion of the court below in the absence of a clear abuse
of discretion.   *Com. ex rel. Sosiak v. Sosiak,* 177 Pa.
Superior Ct. 116, 118, 111 A. 2d 157.   We are obliged
to correct mistakes of law.

The parties were married September 11, 1927 and
separated in November, 1949.   One son, Frank, was
born September 19, 1936 and was 19 years old at the
time of the hearing.   He had graduated from high
school and had completed one semester at Temple Uni-
versity.   The other son, Theodore, was born May 18,

1938 and was 17 years old at the time of the hearing. He had graduated from high school and was enrolled at Temple University but the first term had not yet commenced.

In open court the father agreed to support the one son, Theodore, and the wife and further agreed that the court should fix the amount.

The father now objects to the order for the reason that it not only included the payment of a sum for weekly support of this son but in addition thereto directed him to pay for his college tuition (as to this son approximating $11.50 a week). We see no error in this as the father at the time he made the agreement in open court to support this son knew that he had graduated from high school and that he was enrolled at Temple University. We believe that it was within the contemplation of the parties that the father should pay for this son's tuition at college. *Wiegand v. Wiegand,* 349 Pa. 517, 37 A. 2d 492, is a case where a father was bound by his promise to pay "for a four-year college course for any and all of the said children, even though the same may not be completed during the minority of each child." Under the circumstances of . the present case we do not feel that the order as to Theodore was excessive and we can find no abuse of discretion in this connection.

There was no agreement by the father to support his son Frank. We have heretofore determined that a father may be required to provide his minor children with such education in the public schools, beyond the minimum required by law, as reasonably accords with the father's financial ability, and with the child's ability, progress and prospects. *Com. v. Gilmore,* 97 Pa. Superior Ct. 303. Even though the child is over 16 years of age and employment is available to him from which he would be self supporting, we have held that

the lower court did not abuse its discretion in requiring the father to pay $7.00 a week for the support of the son until he completed his sophomore year in high school. *Com. of Pa. ex rel. v. Nolan,* 111 Pa. Superior Ct. 174, 169 A. 247. In *Com. v. Campbell,* 128 Pa. Superior Ct. 72, 193 A. 119, an order was modified but continued "until the younger daughter has graduated from high school. . . ." The lower court in its opinion in this case suggests that "All that is being urged in this opinion is that 'college education' be substituted for 'common school education.' "

We have had occasion to consider this very question in several recent cases. Judge RHODES (now President Judge), in *Com. ex rel. Binney v. Binney,* 146 Pa. Superior Ct. 374, 22 A. 2d 598, commencing at page 379, said: "That part of the order of the court below relating to the education and maintenance of appellant's nineteen-year-old son at college must be vacated. In our judgment the record does not show, as stated by the court below, that appellant voluntarily agreed that such order be made. Appellant has been sending his son to the Massachusetts Institute of Technology; and at the hearing before the court below he stated that it was his intention to keep his son there as long as he was able to do so. His testimony does not warrant the construction which has been placed upon it. A court may require, if circumstances warrant, a father to provide for the education of his minor children in the public schools after they have completed the term required by the attendance laws. Com. v. Gilmore, 97 Pa. Superior Ct. 303; Com. v. Campbell, 128 Pa. Superior Ct. 72, 78. But it is well known that there are worthy parents in all parts of the country, with means greater than this appellant has, who do not furnish their children with the financial assistance necessary for a college education. We cannot say that each has failed

in a legal duty to his child and to the state. To hold that the circumstances of this father *require* him to furnish his son with a college education would be an unwarranted conclusion. Hence in such a matter he is entitled to a measure of discretion, and must be allowed to exercise his own judgment. The Act of June 24, 1939, P. L. 872, 18 PS §4733, affords no basis for a court to require appellant, at least under the conditions disclosed by the evidence in this case, to send to and maintain at college his nineteen-year-old son. Com. ex rel. Gillen v. Gillen, 102 Pa. Superior Ct. 136, 138, 156 A. 572." In that case the father was the sole proprietor of a business that netted $6,684.40 a year.

In *Com. v. Wingert,* 173 Pa. Superior Ct. 613, 98 A. 2d 203, we quoted with approval the above statement from the *Binney* case. In the *Wingert* case the daughter had reached 17 years of age, had graduated from private high school and had applied for admission to college. She had won a scholarship in chemistry, had shown exceptional musical ability and stood high in her class upon graduation. There was testimony as to the financial standing of the Wingert Contracting Company, and other capital assets owned by defendant; also as to his standard of living, and education advantages and gifts given to the other children. Evidence for the defendant showed that he had an annual income of $22,500.00 which, after taxes, was approximately $15,000.00 net. In the *Wingert* case we held that under the facts of that case the refusal of the lower court to impose a further order upon the defendant for the support of his daughter was not an abuse of judicial discretion.

We may repeat what was said in the *Wingert* opinion that "there are no appellate cases in Pennsylvania wherein the facts have been held to justify an order of support for a child attending college."

While the above cases were decided under the Act of 1939, June 24, P. L. 872, §733, 18 PS §4733, the amending Act of 1951, September 26, P. L. 1494, 18 PS Supp. §4733, has not changed the situation as the latter act did not change the former as to the substance but merely authorized a procedure by petition in addition to the procedure theretofore existing before a magistrate.

Certainly this is not a case where the facts would justify imposing a legal duty upon the father to support his older son in college. His earnings at most did not exceed $150.00 a week or $7,800.00 a year. He is already obliged, under his agreement, to support the wife and the younger son. We are, therefore, of the opinion that the part of the order requiring the defendant to pay tuition for his son Frank must be vacated.

The defendant also argues that the order is excessive. The defendant is president and treasurer and sole owner of all the stock of Pierre Uniforms, Incorporated, a corporation engaged in the business of making and selling uniforms. The par value of the 295 shares of stock which he owns in this corporation is $14,750.00. The defendant has drawn a $4,000.00 salary for the last two and a half to three years. In addition the testimony indicates that the corporation is making monthly payments of $136.00 on a 1954 Pontiac automobile, purchased for $3,446.87, used by the defendant. The books of the corporation also disclose a "Loan and Exchange" account from which the defendant had drawn the sum of $1,411.63 between June 1954 and October 1954, which included such items as automobile expenses and entertainment. The books also showed extensive items for entertainment and cash payments to the defendant totalling $1,413.98 for 1954, as well as automobile expenses exclusive of depreciation for 1954 of $1,608.14. They also showed disburse-

ments for insurance, rent and utility charges for an apartment rented by the defendant as well as a semester's college tuition for the older son. The defendant admitted that he might have represented, when renting an apartment, that his salary was $150.00 per week. In determining the net income and earning capacity, allowance may not be made for expenditures in defendant's business merely for his own convenience rather than of necessity, unless reasonably adequate support is first provided for his wife and child. *Com. ex rel. Betz v. Betz,* 127 Pa. Superior Ct. 98, 102, 103, 193 A. 338; *Com. ex rel. Mass v. Mass,* 170 Pa. Superior Ct. 545, 546, 87 A. 2d 793. We deem it unnecessary to go into further details but from due consideration of all the evidence we are satisfied that the defendant has a net income and earning capacity of approximately $150.00 a week or $7,800.00 a year and that an order of $50.00 a week for the support of the wife and one son, Theodore, together with tuition of $11.50 a week for this son at Temple University, would be a proper order.

The order of the court below is modified and it is now ordered that the defendant pay to his wife, Eva Stomel, the sum of $50.00 a week for the support of herself and their son, Theodore, from August 30, 1955. The defendant is further directed to give real estate security by his own bond to the Commonwealth in the sum of $500.00 for the faithful performance of this order and the defendant is further directed to pay the costs and stand committed until the order is complied with. In addition the defendant is directed to pay the tuition for his son Theodore at Temple University so long as passing marks are obtained and classes regularly attended and until the completion of the academic course for which Theodore is now matriculated. Costs on this appeal to be paid by appellant.