Commonwealth ex rel. Grossman *v.* Grossman, Appellant.

Argued November 13, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

*Harry P. Voldow,* for appellant.

*David Freeman,* for appellee.

OPINION BY ERVIN, J., December 9, 1958:

This is an appeal from the order of the court below dated May 22, 1958 dismissing a petition to vacate an order of support for a minor son, originally entered February 26, 1953, and from an order entered June 26, 1958 reinstating the original order for support.

The sole question presented is whether the father's agreement for the support of the son contemplated a college education.

The parents were married on July 1, 1932. Two children were born to them: Paula, on April 27, 1934, and Joel, on August 16, 1939. On February 25, 1952 the parents entered into a written separation agreement, quite complete in its terms and providing, inter alia, as follows: "1. The Husband agrees to pay to Wife for support the sum of $50.00 a week for a period of one year from the date of this Agreement, and thereafter to pay $25.00 per week for the support of the said two children until the son has completed his schooling and the daughter is either self-supporting or married. Husband further agrees, for the said period of one year, to pay all bills, as he has been doing, heretofore, including gas, electricity, fuel, telephone, and other household items. In addition, the Husband agrees to provide clothing for said children, to pay their necessary hospital or medical bills, and to maintain hospitalization insurance for the Wife and children. Husband also agrees that this provision for support of the children may be made the subject of an appropriate order in the Municipal Court of Philadelphia County, and that he will execute any papers incident thereto." On February 26, 1953 the court below made the following order: "And now, Feb. 26, 1953, the Court orders and decrees that the said Defendant pays to his wife Lea the sum of 25.00 dollars per week for the support of his 1 minor children within named, from the 26 day of February A.D. 1953 and give security real estate by his own bond to the Commonwealth in the sum of 500 Hundred Dollars for the faithful performance of this order, pay the costs and stand committed until the order is complied with. Dismissed as to child Paula. By agreement."

On October 9, 1957 the appellant presented a petition to vacate the support order of February 26, 1953 alleging that the son was graduated from high school in June 1957 and averring that the son was presently employed and self-supporting. In dismissing the petition to vacate the court below in its opinion stated: "We believe that it was within the contemplation of the parties that the father should pay for his son's support while he was attending college or until such reasonable time as his schooling would be completed or terminated."

The appellate courts of this state have recently considered the question here presented. See *Wiegand v. Wiegand*, 349 Pa. 517, 37 A. 2d 492; *Com. ex rel. Binney v. Binney*, 146 Pa. Superior Ct. 374, 22 A. 2d 598; *Com. v. Wingert*, 173 Pa. Superior Ct. 613, 98 A. 2d 203; *Com. ex rel. Stomel v. Stomel*, 180 Pa. Superior Ct. 573, 119 A. 2d 597. In *Wiegand v. Wiegand,* supra, at page 520, our Supreme Court said: "The clauses of this contract we are called upon to construe were drawn for the benefit of the minor children of the parties to the contract. We should adopt that interpretation which, under all the circumstances of the case, ascribes the most reasonable, probable, and natural conduct to the parties: 12 Am. Jurisprudence, p. 754, §231. Where doubt exists as to the interpretation of the contract, it being prepared by one party thereto, upon the faith of which the other has incurred an obligation, we shall adopt that interpretation which shall be favorable to the latter. It must be construed with some degree of strictness against the party preparing it: Heffner v. First National Bank of Huntingdon, 311 Pa. 29, 33, 166 A. 370; in other words a contract is to be taken most strongly against the party on whom the obligation rests: R.C.L. p. 854; Pennsylvania Railroad Co. v. Pennsylvania-Ohio Electric Co., 296 Pa. 40, 48, 145

A. 686. 'Every agreement is to be interpreted and construed with reference to the circumstances under which the parties contract: COULTER, J., in Callen v. Hilty, 14 Pa. 286, 288. The words of a grant are to receive a reasonable construction and one that will accord with the intention of the parties; and, in order to ascertain their intention, the court must look at the circumstances under which the grant was made: Connery v. Brooke, 73 Pa. 80, 83. A contract should be construed in the light of the surrounding circumstances and the objects manifestly to be accomplished: Richardson v. Clements, 89 Pa. 503, 505; McKeesport Machine Co. v. Insurance Co., 173 Pa. 53, 57': McMillin v. Titus, 222 Pa. 500, 503, 72 A. 240. With these rules of construction before us, we shall apply them to the questioned clauses of this contract."

The record shows that the father is a dentist, that the son Joel had successfully completed his high school studies and that he is presently attending the Los Angeles City College and that his grades are satisfactory. At the hearing the father testified as follows: "Q. Now, if there was no divorce here and you and your wife were living together with your son, would it have been your desire, would you have liked to have seen your boy go to college? A. Yes, sir, I would, but I don't think the boy has scholastic ability." Construing this contract most favorably to the son would lead to the conclusion, under all the surrounding circumstances, that the father at the time when this contract was entered into (the son then being 12½ years of age) intended the schooling to include a college education. The mere fact that the father now feels that the son does not have sufficient scholastic ability for college cannot nullify his intention as of the time when the agreement was entered into. The boy was 17 years of age when he was graduated from high school. The

court during the hearing said that the order for support would be contingent upon the boy's maintaining grades sufficient to remain in college. If for any reason the schooling ended, the court would certainly terminate the order. If the agreement is to be interpreted for the benefit of the minor child and most strongly against the party on whom the obligation rests and if we are to ascribe reasonable, probable and natural conduct to a professional man, we must conclude that it was the father's intention when he signed the agreement to help his son through college.

On appeal we will not interfere with the determination of the court below in the absence of a clear abuse of discretion: *Com. ex rel. Sosiak v. Sosiak,* 177 Pa. Superior Ct. 116, 118, 111 A. 2d 157.

Orders affirmed.