## Commonwealth v. Byerly

*L. K. W. Deininger*, for petitioner.

GAWTHROP, P. J., January 22, 1960.—Defendant father seeks to vacate an order, entered September 10, 1957, of $20 per week for support of his minor son, 20 years old, a graduate of Coatesville High School and now a second-year student in a four-year course at Williams-Berkley School of Music in Boston. The evidence fails to support the application and it must be dismissed.

Petitioner, a general foreman in Lukens Steel Company and divorced from his wife, earns about $8,000 per year. His monthly expenses of maintenance are: Rent, $65; electricity, $10; heat, $25; food, $70, and transportation by his own car from his home in Russelville to his work, some 30 miles round trip and often more than one trip daily due to being on call, at $70 per month. In September 1959, he bought a Thunderbird car for $5,200 plus trade-in value of his old car and now pays $150 per month on the purchase price.

He is also paying $380 per month on the balance of a $5,600 loan with Lukens Credit Union, the proceeds of which were used in 1956 to pay off a mortgage on the home now owned and occupied by his former wife. He has since then borrowed $2,000 to buy his own furniture and make some payments under the order for his son.

In the summer of 1958, following the son's high school graduation, defendant told his son he could not afford to send him to college. The son worked at Lukens Steel Company during the summers of 1958 and 1959. His physical and mental conditions are good.

The fact that a minor reaches a certain age does not of itself justify revocation of an order for his support. The evidence must show either that he is earning a supporting wage in gainful employment or that he is physically and mentally able to engage in profitable employment *and* that employment at a supporting wage is actually available to him in his community: Commonwealth ex rel. Nicholson v. Groff, 169 Pa. Superior Ct. 12. This record shows neither that the son is self-supporting nor that employment at a living wage is presently available to him, though physically and mentally employable.

Petitioner relies on Commonwealth v. Wingert, 173 Pa. Superior Ct. 613, and earlier cases therein cited for the proposition that the circumstances do not justify an order of support for a child attending college. The Wingert case and those cited therein all involve either original applications or applications for increases of orders of support designed to provide college tuition or board, lodging and tuition for advanced education beyond the common schools. The present situation is distinguishable because it is an application to vacate an existing order for support and maintenance as such. There is no evidence as to the source from which funds are derived to pay tuition and board

at the school of music for petitioner's son. The burden under these procedural circumstances is on petitioner, and he has failed to carry that burden by failing to prove under the rule of the Groff case, supra, that the son is in fact earning a supporting wage in gainful employment or that he is both capable of doing so and that employment at a supporting wage is actually available to him in his community. Proof of the bare fact of the employment during summer vacation for the past two years without showing its exact duration or the amount earned demonstrates no more than that the young man in question, like many others, has had summer work. Not even the exact character of the employment is indicated. Under these circumstances petitioner has not shown that he is entitled to the relief he seeks.

And now, January 22, 1960, the petition is dismissed and the rule to vacate the support order is discharged.