## Commonwealth *v.* Martin, Appellant.

Submitted September 12, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

356

Before O'Connell, P. J.

*Scott Fink,* and *Fink & Jennings,* for appellant.

*Richard E. McCormick,* District Attorney, for Commonwealth, appellee.

*M. Maurice Chacchia,* and *Chacchia and Brind,* of the New York Bar, and *Louis E. Sensenich,* for prosecutrix, appellee.

*Joseph B. Mitinger,* guardian ad litem for minor, in propria persona.

Opinion by Rhodes, P. J., November 16, 1961:

This is an appeal by defendant from an order of the Court of Quarter Sessions of Westmoreland County, dated June 29, 1961, in which defendant was directed to continue payments of $200 per month for the support of his two daughters, Beverly Joan Martin, born on February 12, 1942, and Judith Louise Martin, born on August 6, 1945.

Defendant, a dentist by profession, objects to that portion of the order which compels him to pay $100 per month for the college education of his older daughter, Beverly Joan, presently nineteen years of age, enrolled in her second year at Syracuse University School of Nursing. Defendant contends on this appeal that the court below abused its discretion in continuing such order of support.

The original order for support of $250 per month included defendant's wife and two daughters, and was dated August 24, 1951. Following a divorce obtained in July of 1954, defendant was ordered to pay $150 a month for the support of his two daughters, and, on November 29, 1957, this order was fixed at $200 per month. A petition was filed on June 13, 1961, by the probation officer of the Court of Quarter Sessions, stating that through a clerical error defendant had been notified by the probation office that the $200 per month order had been reduced to $100, effective from June 27, 1960, the date of Beverly Joan's graduation from high school. The petition further alleged that Beverly Joan was attending Syracuse University and still in need of support, and requested a rule to show cause why there should not be a compliance with the $200 per month order of November 29, 1957, which had never been reduced by court order. A rule was issued; defendant filed an answer admitting that Beverly Joan was nineteen and attending Syracuse University, but denying her need for support, and asking the court to reduce the $200 order to $100, covering support of the younger daughter only, as of June 27, 1960. After hearing, at which defendant's former wife and his daughter Beverly Joan testified, the court made the rule absolute, adjudged defendant in contempt, and ordered him to pay $200 per month for the support of both daughters, with arrearages, and stated that he may purge himself of that contempt by paying such arrearages and continuing the payment of the order of $200 per month until further order of the court.[1] Upon petition we granted a conditional supersedeas. On appeal defendant con-

---

[1] Subsequently, on July 7, 1961, defendant deposited the sum of $1,500 with the clerk of the Court of Westmoreland County to await the outcome of petition for supersedeas in the Superior Court, and the appeal if a supersedeas should be granted, as directed by the court below on July 6, 1961.

tends that he is not obligated to support his nineteen-year-old daughter to the extent of paying for her college education.

In the absence of an express contract, and unless the circumstances warrant it, a parent is not liable for the support of a child attending college. *Com. ex rel. Binney v. Binney,* 146 Pa. Superior Ct. 374, 380, 22 A. 2d 598; *Com. v. Wingert,* 173 Pa. Superior Ct. 613, 616, 98 A. 2d 203; *Com. ex rel. Stomel v. Stomel,* 180 Pa. Superior Ct. 573, 576, 577, 119 A. 2d 597. On the other hand, where there is an agreement to support and it is within the contemplation of the parties, a father may be liable to support and furnish his child with a college education. *Com. ex rel. Grossman v. Grossman,* 188 Pa. Superior Ct. 236, 239, 146 A. 2d 315.

At the hearing defendant's former wife testified to an agreement entered into in 1954 at the time of the divorce which provided for a cash payment of $10,000 to her, and further that defendant would provide a "secondary education, beyond high school" for the two girls. It further appeared that defendant, on July 28, 1954, executed an insurance trust agreement with the Barclay-Westmoreland Trust Company (now the Mellon National Bank & Trust Company), of Greensburg, relative to an insurance policy on his life. This trust was created solely to provide a fund for the education of settlor's two daughters. Upon settlor's death, the proceeds of the insurance to the extent of $15,000 were to be applied to the daughters' education. It was stipulated that the insurance policy forming the trust had a cash surrender value of $11,258.65 at the time of the hearing in the court below. However, a reading of the trust agreement raises a serious question as to whether the accumulations under the policy could presently be made available by the trustee for the support of the daughters during the lifetime of the settlor-defendant.

Pursuant to a petition for declaratory judgment, the Orphans' Court of Westmoreland County directed the trustee to borrow against the loan value of the policy such sums as might be necessary, in the discretion of the trustee, for the present education of Beverly Joan. An appeal from this order is presently pending in the Supreme Court of Pennsylvania, at No. 170 March Term, 1961.

At the hearing defendant offered no evidence and did not controvert his former wife's testimony to the effect that he had expressly agreed to provide his daughters with a secondary school education beyond high school. The evidence in this case supports a finding that defendant voluntarily agreed to provide his daughters with an education beyond high school. As in *Com. ex rel. Grossman v. Grossman,* supra, 188 Pa. Superior Ct. 236, 239, 146 A. 2d 315, it was within the contemplation of the parties that the father should pay for his daughter's support while she attended college. We are therefore not concerned with the question whether, aside from his voluntary agreement, defendant is bound, under all the circumstances, to support his child at college. Cf. *Com. ex rel. Binney v. Binney,* supra, 146 Pa. Superior Ct. 374, 379, 22 A. 2d 598; *Com. ex rel. Stomel v. Stomel,* supra, 180 Pa. Superior Ct. 573, 577, 119 A. 2d 597.

The insurance trust agreement is confirmatory of defendant's agreement to provide a college education for his daughter. Under the evidence produced by defendant's former wife at the hearing, defendant's obligation to his daughters was not limited to the provisions of the trust agreement, but was an unconditional contract to give the daughters a secondary education beyond high school. The interpretation of the insurance trust agreement is not before us on this appeal. It may be that funds from the insurance trust could be applied to fulfillment of the unconditional obliga-

tion to support the daughters at college established in the present proceeding.

On appeal we will not interfere with the determination of the court below in the absence of a clear abuse of discretion. *Com. v. Wingert*, supra, 173 Pa. Superior Ct. 613, 614, 98 A. 2d 203; *Com. ex rel. Kane v. Kane*, 193 Pa. Superior Ct. 98, 101, 163 A. 2d 925.

The order is affirmed.

---

CONCURRING OPINION BY WOODSIDE, J.:

I concur in all that is said by our President Judge in his opinion as it relates to the case before us, but I have reservations concerning the universal application of one statement. As stated in the opinion, this Court has held that "In the absence of an express contract, and unless the circumstances warrant it, a parent is not liable for the support of a child attending college." This is a Court made rule which was formulated years ago when attendance at college was viewed as a luxury. I think the time has come to review this rule in the light of the large number of parents who now send their children to college.

When a father has sufficient estate or income to enable him to send his children to college without undue hardship upon him, I think an order of support against him in favor of a minor child successfully carrying on his studies in college should be approved by this Court, even "in the absence of an express contract."

MONTGOMERY and FLOOD, JJ., concur in this opinion.