**Commonwealth ex rel. Blau v. Blau**

*Jay H. Rosenfeld*, for petitioner.

*S. Frank Laveson*, for respondent.

BOYLE, J., July 11, 1962.—The parties to this proceeding first appeared before Judge Spaulding on February 21, 1961. At that hearing, Mr. Laveson, counsel for the husband-respondent, stated that although the daughter of the parties, Susan Blau, was 19 years of age, respondent was willing to pay for her support because she was going to college, but he contested the right of the wife-petitioner for support. Counsel for respondent agreed that any order entered in this case be made retroactive to February 21, 1961.

The case came before us on November 20, 1961. The wife-petitioner testified that the parties were married in 1932; that prior to September, 1959, respondent gave her $130 per week for household and family expenses but that since September, 1959, he gave her nothing except several small unemployment compensation checks and she finally left him in September, 1960. She testified that her husband gambled, called her foul and abusive names in front of their daughter and struck her. On several occasions he told her to get out. Respondent did not deny any of these statements made by his wife. He admitted that he was a gambler but claimed that he had reformed.

It was admitted that petitioner required the sum of $99 per week for her support. The daughter works part-time while she goes to college and earns $15 per week. Petitioner receives financial assistance from her mother. Respondent's gross income prior to 1961 averaged about $10,000 per year and his net income about $8,100. In 1961, his take home pay averaged $72 per week on a 30-hour basis but he expected to go back on a 40-hour week in a short time.

Taking all the factors into consideration, the needs of the wife, the earnings and the earning power of the husband, we are of the opinion that the sum of $30 per

week for the support of the wife is fair and reasonable. Because of the stipulation entered into before Judge Spaulding, we made the order effective as of February 21, 1961.

Respondent had agreed in open court to support his daughter while she was attending college. On this basis we could have entered an order for the support of the daughter: Commonwealth ex rel. Stomel v. Stomel, 180 Pa. Superior Ct. 573. But because she was earning $15 per week and because of the impairment of respondent's income we dismissed the petition with respect to the daughter, Susan.