Commonwealth ex rel. Ulmer *v.* Sommerville, Appellant.

Argued March 18, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Irwin S. Rubin,* with him *Gerald Hamburg,* for appellant.

*C. William Freed, Jr.,* with him *Freed and Freed,* for appellee.

OPINION BY WOODSIDE, J., April 18, 1963:

This is an appeal from the refusal of the court below to vacate an order against the defendant for the support of an 18 year old daughter who is now attending college.

The parents of Joyce and Molly agreed to the amount of an order for their support which was entered on October 16, 1959. It provided that the defendant should pay to the relatrix $40 per week for the support of the two daughters. The parents are divorced. Since the entry of the order the mother has remarried, but the father remains single. The daughters reside with their mother.

Joyce, the older daughter, was 18 years old July 26, 1962. She was graduated from high school in June, and in September she entered the University of Bridgeport in Connecticut seeking a bachelor of science degree in nursing. She is normal physically and mentally. The father entered into no agreement expressed or implied with the mother, the daughters or any other person to send his daughters to college or to make any

contributions toward their education beyond that of high school.[1]

After Joyce was graduated from high school, the defendant petitioned the court to vacate the order of $20 per week entered against him for her support. The mother then petitioned to increase the order for the support of both daughters. The father's income had increased, but not materially, since the order was entered in 1959. The court dismissed both petitions.[2] The relatrix has not appealed from the order dismissing her petition to increase the order, but the defendant has appealed from the court's refusal to vacate the order for the support of the daughter now attending college.

The order of support for the daughter attending college must be vacated. There was no agreement by the defendant to educate his daughter. Therefore, an order cannot be justified under the principle established in the cases cited in footnote No. 1. See also *Commonwealth ex rel. Gillen v. Gillen,* 102 Pa. Superior Ct. 136, 156 A. 572 (1931); *Commonwealth ex rel. Binney v. Binney,* 146 Pa. Superior Ct. 374, 22 A. 2d 598 (1941); *Commonwealth v. Wingert,* 173 Pa. Superior Ct. 613, 98 A. 2d 203 (1953).

However, the majority of this Court thinks that an order may be entered against a father for the support of a child attending college. After finding there was no agreement by the father to send his daughter to college, we believe this Court cannot stop there, but must

---

[1] For cases involving an agreement to provide a college education for a child see: *Commonwealth ex rel. Stomel v. Stomel,* 180 Pa. Superior Ct. 573, 119 A. 2d 597 (1956); *Commonwealth ex rel. Grossman v. Grossman,* 188 Pa. Superior Ct. 236, 146 A. 2d 315 (1958); *Commonwealth ex rel. Howell v. Howell,* 198 Pa. Superior Ct. 396, 181 A. 2d 903 (1962).

[2] The court remitted arrearages on that part of the order relating to Joyce between June 25, 1962, and the date she entered college.

examine the evidence further to determine whether under all the circumstances the father should be required *without any agreement* to continue to support his daughter while she is attending college.

"The law, apart from statute has come to recognize that paternal duty involves, in addition to provision for mere physical needs, such instruction and education as may be necessary to fit the child reasonably to support itself and to be an element of strength, rather than one of weakness, in the social fabric of the state." *Commonwealth v. Gilmore,* 97 Pa. Superior Ct. 303, 308 (1929). This statement made in 1929 was merely a recognition of the common law duty of a father to educate his children. Reference to the numerous cases and authorities supporting the principle can be found in the above case.

This Court has never affirmed an order for the support of a child in college except where an agreement to provide such support had been made, nevertheless, even the cases cited by appellant indicate that such support orders may be justified. In *Commonwealth ex rel. Gillen v. Gillen,* supra, 102 Pa. Superior Ct. 136, 156 A. 572 (1931), we qualified our holding that no order should be made by saying, ". . . at least in the circumstances of this Defendant . . ." and in *Commonwealth ex rel. Binney v. Binney,* supra, 146 Pa. Superior Ct. 374, 22 A. 2d 598 (1941), by saying, ". . . at least under the conditions disclosed by the evidence in this case . . ." and again in *Commonwealth v. Wingert,* supra, 173 Pa. Superior Ct. 613, 98 A. 2d 203 (1953), by saying, ". . . under the facts in the present case . . .".

We believe that the law of this Commonwealth requires a father, under certain circumstances, to support a child while attending college and that this appeal brings squarely before us the question of what circumstances will justify the entry of a support order in favor of such child. In the first place, before the

father should be required by court order to support a child in college, the child should be able and willing to successfully pursue his course of studies. *Commonwealth ex rel. Grossman v. Grossman,* supra, 188 Pa. Superior Ct. 236, 241, 146 A. 2d 315 (1958). In the second place, the father should have sufficient estate, earning capacity or income to enable him to pay the order without undue hardship.

The duty of a parent to provide a college education for a child is not as exacting a requirement as the duty to provide food, clothing and shelter for a child of tender years unable to support himself. It is a natural law that a parent should spare no personal sacrifice to feed and protect his offspring. Therefore, beyond the barest necessities, a father should be required to sacrifice personal comfort in order to provide the necessities of a child too young to support himself. The same exacting requirement should not be demanded of a father to provide a college education for a child able to support himself.

We are not suggesting that a father should be required to support a child in college only when the father's income or estate is such that he could do so without making *any* personal sacrifices. Most parents who send a child to college sacrifice to do so. No mathematical rule can be formulated to determine how extensive the hardship upon a father must be before it will excuse him from supporting a child in college. It must be a matter of judgment in a field where the judgments of sincere and advised men differ materially. However, we have no difficulty in concluding that under all the circumstances of this case the order of the court below imposes an undue hardship upon the defendant.

To determine whether the order is justified, an important consideration is the estate, the earning capacity and the income of the defendant. This, however, is not

the sole criterion. There are other circumstances to be considered.

The defendant here has an average gross weekly salary of $120, or approximately $103 take-home pay. He commutes twenty miles a day to work in a 1956 Dodge which he owns. He has $2700 in stock.[3] The mother is employed at $60 per week. Her present husband is also employed. Joyce and Molly are the beneficiaries of trust funds of approximately $8000 each provided by their mother's uncle to insure them college educations. Dividing this sum over four years of college and considering interest on the unused balance, Joyce would receive over $2100 per year. She should earn something during her vacations, and possibly by an occasional chore at college. Conservatively, she should earn an average of $10 per week.

The mother is being supported by her present husband, and in addition thereto has approximately $80 per week for herself and the younger daughter. If the order were not vacated, Joyce would have approximately $70 per week ($40 from the trust estate, $10 from earnings and $20 from her father), and the defendant would have for his own support less than $60 per week ($103 take-home pay to which must be added a reasonable amount for dividends on his stock less the $40 order and a reasonable amount for his commuting expenses). From these calculations, it appears to us that this is not a case where a father should be required by law to support a child attending college.

The order dismissing the defendant's petition is reversed, and the support order is vacated as to Joyce and amended to provide only for the payment of $20 per week for the support of Molly Lynn.

---

[3] Apparently this remains from $4000 paid him by his wife in a divorce settlement.