## Commonwealth ex rel. Rothrock v. Rothrock

*Ward F. Clark, Lindsay & Clark,* for petitioner.

*John A. Eichman, 3rd, Eastburn & Gray,* for respondent.

DAVIS, P. J. (Forty-third Judicial District, Specially Presiding), August 19, 1964.—In this nonsupport case two questions are before the court: (1) Is defendant, John H. Rothrock, legally responsible for support of his daughter, Jane, now age 19? (2) If defendant is liable, how much support is he required to pay? Jane attended Lake Forest College in Illinois last year and desires to continue her education there this year.

The parents are divorced. Three children were born of the marriage, Jane age 19, John, Jr., age 16, and a junior at Central Bucks High School last year, and Willoughby, age 12. Defendant is approximately 45 years of age and is employed by Thomas Roberts and Company, food brokers. Defendant also owns a two-third interest in the said Thomas Roberts and Company.

It is not disputed that defendant owns a 62-acre farm in Bucks County, Pa., where he resides with his sons, that he receives $75 per week gross pay from the Thomas Roberts and Company and $100 per month rent for a part of the house which the company uses as

an office. In addition he receives $250 per year rent from the fields. He also uses a company car without cost to himself. The Thomas Roberts and Company has not had a profitable year since 1956, but defendant has hopes for the future. For Federal income tax purposes, defendant showed taxable income of $5,952 for the year 1961, no taxable income for the year 1962, and approximately $1,000 taxable income for the year 1963.

The value of defendant's capital assets are in dispute. He fixes the value of the farm at $50,000 and his stock in Thomas Roberts and Company at $20,000, while relatrix fixes the value of the farm at $60,000 and the stock at $30,000. It is not disputed that he has an $18,000 life insurance policy with a cash surrender value of approximately $5,000. Bank loans and income tax liability total approximately $4,000.

Relatrix contends that, if necessary, defendant should liquidate his capital assets to the extent that he could pay not less than $25 nor more than $50 per week for the support of his daughter at college. It is not disputed that in the conduct of the Thomas Roberts and Company business it is necessary to borrow substantial sums of money for short periods of time. Defendant explains that he is able to do this by reason of having the farm unencumbered. He contends that if this asset is encumbered or depleted he will not be able to continue in business and consequently will lose the income he is now receiving from the Thomas Roberts and Company.

In 1955, defendant's health became impaired and he spent several months under psychiatric care at the Gladwyne Colony in 1959. After a long period of recuperation he returned to full time work at the Thomas Roberts and Company in January, 1962.

Defendant has not been unmindful of his daughter's education. He spent approximately $7,500 to send her

to the Shipley School at Bryn Mawr. When she graduated from Shipley he offered to send her to Penn State College at the Ogontz Center, in Abington, Pa., or to Temple in Philadelphia or to Beaver College in Jenkintown.

In considering this matter we must not overlook the fact that this defendant has the absolute duty to provide food, clothing, shelter and education for the two younger boys. As stated in Commonwealth ex rel. Ulmer v. Sommerville, 200 Pa. Superior Ct. 640, 644:

"The duty of a parent to provide a college education for a child is not as exacting a requirement as the duty to provide food, clothing and shelter for a child of tender years unable to support himself. It is a natural law that a parent should spare no personal sacrifice to feed and protect his offspring. Therefore, beyond the barest necessities, a father should be required to sacrifice personal comfort in order to provide the necessities of a child too young to support himself. The same exacting requirement should not be demanded of a father to provide a college education for a child able to support himself."

It appears to us to maintain the farm and buildings, taxes $500 per year, properly care for and support the two younger children, which includes education in the public schools, and support himself on $100 per week gross income will require extremely careful handling of funds. To divert any part of this income for the support of the daughter in college, in our opinion, would constitute undue hardship. To deplete the capital asset of the farm, either by sale of a part or by encumbrance is not feasible for the reasons set forth above. The only remaining available asset is the cash value of the life insurance policy in the sum of $5,000. In view of defendant's greater responsibility to his younger children it would not only be unwise but fool-

hardy to deplete this asset so that there would be nothing available in the event of an emergency.

In this case there is no contention that any agreement exists on the part of the father to support his daughter at Lake Forest College. Therefore, we look to the general provisions of the law to determine his liability. We believe this is clearly stated in Commonwealth ex rel. Ulmer v. Sommerville, 200 Pa. Superior Ct. 640, and confirmed in Commonwealth v. Camp, 201 Pa. Superior Ct. 484, as follows:

"We believe that the law of this Commonwealth requires a father, under certain circumstances, to support a child while attending college and that this appeal brings squarely before us the question of what circumstances will justify the entry of a support order in favor of such child. In the first place, before the father should be required by court order to support a child in college, the child should be able and willing to successfully pursue his course of studies. *Commonwealth ex rel. Grossman v. Grossman*, supra, 188 Pa. Superior Ct. 236, 241, 146 A. 2d 315 (1958). In the second place, the father should have sufficient estate, earning capacity or income to enable him to pay the order without undue hardship."

Defendant agrees that his daughter is able and willing to successfully pursue her course of studies at college. Therefore, he is not relieved of liability on this score. However, as hereinbefore demonstrated, we find that the defendant has neither sufficient estate, earning capacity or income to require him to pay any amount for the support of his daughter at Lake Forest College.

The mother, the relatrix, works and earns in excess of $4,000 per year. In addition she has an income from a trust fund of $133.33 per month. Considering the fine educational opportunities close to home, it appears to us that if the parents will meet their moral responsi-

bility an opportunity for an essential education for the daughter could be attained.

To make the adjustment from affluence to the present financial circumstances of the parties is not easy, but failure to face reality will not help the situation.

### Order

And now, August 19, 1964, after due hearing and argument of counsel, the application of relatrix, Frances S. Rothrock, to require defendant, John H. Rothrock, to pay support for his daughter Jane, age 19, is hereby dismissed.