## Davison v. Davison

*Andrew F. Bacallao,* for plaintiff.
*Mary Ann Kirkpatrick,* for defendant.

VARDARO, *J.,* August 7, 1992—This matter is before the court on a request for hearing filed by the defendant after he was ordered to make lump sum payments toward the plaintiff daughter's education expenses.

By way of background, the defendant and the plaintiff's mother separated on or about December 29, 1986, and a divorce followed in 1987. The plaintiff has already completed four years of college but will be entering a final semester to attain her undergraduate degree. She is currently 22 years of age.

This is the first request during her college career for support from the defendant father.

The courts have long established two criteria in determining whether an adult child attending college should be entitled to receive support from a parent. Those criteria are whether the child attending college possesses the desire and ability to successfully pursue such post-secondary education and whether the parent can make a contribution without undue hardship. See *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa. Super. 640, 190 A.2d 182 (1963).

In this situation, we believe first of all it is clear that the plaintiff has a demonstrated ability and desire to successfully pursue her post-secondary education. During the four years she has been in college, she has attained a cumulative grade point average of 3.72 with a biology major and a minor in chemistry and math.

Secondly, while the defendant has significant expenses including support to the plaintiff's mother in the amount of $407.33 for two other children, he probably could afford some support for the plaintiff daughter without an undue hardship.

However, in 1989 the Superior Court added another factor to be considered where appropriate in deciding whether or not support should be awarded to an adult child pursuing post-secondary education. In *Milne v. Milne,* 383 Pa. Super. 177, 556 A.2d 854 (1989), the Superior Court en banc held that, in addition to those two factors, parents do not have a duty to support college age children if those children willfully estrange themselves from their parents.

In *Bedford v. Bedford,* 386 Pa. Super. 349, 358, 563 A.2d 102, 106 (1989), the court further defined the estrangement concept when used in this situation as:

"Estrangement between a parent and child will only relieve or lessen a parent's duty to pay support toward a child's college education when that parent has made a concerted and good faith effort to establish and develop a relationship with his or her child, and the child has unquestionably and willfully rejected the parent's outstretched hand."

The facts in this case indicate that between June of 1987 and March of 1989 the plaintiff wrote three letters to the defendant. In the June 1987 letter she advised the defendant that she no longer loved him and the way

she saw it that her father was dead and had been replaced by a selfish, hateful monster. In her letter of March 1989, she indicated that her father had died a couple of years ago.

She now maintains that these were just the emotions of a young girl and that her relationship with her father was not estranged.

Apparently over the course of the more recent years, whenever she has had something placed in the newspaper with regard to her achievements (even once after the May 20, 1992, hearing officer conference) she lists her mother's name as her only parent and makes no acknowledgement of her father as a parent.

It appears that the defendant father has made some efforts to mend matters between himself and his daughter. Apparently he responded to the letters that she sent him and has invited her to accompany her siblings to his home for visitations. Apparently he wanted to be able to telephone her but in her letter she made it clear that she did not want to hear from him even by telephone.

Under all of the circumstances, we believe that the plaintiff has estranged herself from her father and that he has made a concerted and good faith effort to establish and develop a relationship with her but was rebuffed by her in those efforts.

We find it curious that after completing four years of college without an effort to obtain financial help from the defendant the plaintiff now comes before the court. Perhaps her reasons are compelling and she really needs the college support and/or perhaps this action is brought about by her need for contribution toward uninsured medical expenses.

Whatever the reason, we would hope that our decision does not stall her educational endeavors but in light of our findings we must deny her request.

We would hope that the defendant father would continue to provide any possible insurance coverage for her benefit that can be supplied without financial contribution by him through his employment.