## Commonwealth ex rel. Thompson, Appellant, v. Thompson.

Submitted December 13, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Fred T. Cadmus, III,* with him *Cadmus, Good and Patten,* for appellant.

*C. Richard Morton,* for appellee.

OPINION BY WATKINS, J., March 24, 1972:

This is an appeal from the order of the Court of Common Pleas of Chester County denying the petition of Iva S. Thompson for support from her husband, Charles E. Thompson.

The court below denied support on the ground that she failed to justify her leaving so that it amounted to unlawful desertion. The appellant contends that the court below abused its discretion in so finding.

A wife need not prove grounds for divorce but merely reasonable grounds for separating from her husband in order to be entitled to support. *Commonwealth v. Cooper,* 183 Pa. Superior Ct. 36, 128 A. 2d 181 (1956).

It is, of course, the rule that the appellate court will not interfere with the determination of the hearing Judge in a support matter unless there has been a clear abuse of discretion. *Commonwealth ex rel. Reddick v. Reddick,* 198 Pa. Superior Ct. 111, 181 A. 2d 896 (1962).

The wife's testimony as to her reasons for leaving were corroborated by her sister and falls into two categories: (1) the question of physical assault and her fear of her husband and (2) the matter of his attempt to take pictures in the nude while the parties were in bed having intercourse and his attempted familiarities with her sister. A careful examination of this record indicates she had reasonable grounds for separating from her husband.

She testified that her husband struck her on several occasions and she was afraid to stay in the home. They were living apart for sometime in the home as far as marital relations were concerned and she explains her delay in leaving after the last assault to be her inability to find a place to live. Her testimony as to two strikings. Once when she turned down the radio he told her to "Keep your goddamn hands off the radio." Another assault was described as "karate chops". She was treated by a physician for the January, 1971 assault. The testimony of the wife and sister involved alleged familiarities with the appellant's sister which included his grabbing her and feeling her bust. The wife also testified, corroborated by her sister, of an incident where she found her husband had crawled in bed with the sister and she and the sister forced him out.

The husband, according to both witnesses, suggested that the sister take pictures of the husband and wife in the nude having intercourse. He also suggested that the three sleep together.

As to credibility, it is very interesting to examine the testimony of the husband. He testified as to the assaults that he complained about the turning on of the lights and that she was hysterical and that was the reason he slapped her across the cheek. He said she did not fall "because I had ahold of her and I was holding her feet between my legs and I slapped her hard across the cheek."

As to the "karate chops" in 1970, he testified that "I didn't recall that." In fact, practically every incident in issue where the wife's testimony put him at fault, he failed to remember. He made a statement to his wife subsequent to the slapping of January, 1971, when he was having an argument with her that "he should have done a better job". His wife took that to mean that he should have hit her harder and finished

the job. He explains it as meaning that he intended to assault the lawyer who represented his wife. After the slapping incident, he could not remember having felt the sister-in-law's bust although he remembers pulling her into a chair. He did not remember crawling into bed with the sister-in-law and said "maybe I was sleep walking for the first time in my life".

He admitted the picture-taking incidents, but could see nothing wrong in it. He couldn't remember the three in bed incident, but did not deny it.

This recitation of the record makes it very difficult to understand how the court below could resolve credibility in favor of the husband. Under this record, we find the wife had reasonable cause to leave and that the court below abused its discretion in denying the petition for support.

The order is reversed and the case remanded.