## Commonwealth ex rel. Schmidt *v.* Schmidt, Appellant.

Argued September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Joseph L. Torak,* for appellant.

*Arthur Lefkoe,* with him *Wisler, Pearlstine, Talone, Craig & Garrity,* for appellee.

OPINION BY HOFFMAN, J., November 16, 1972:

This appeal poses two questions: (1) whether an adult child attending college is entitled to maintenance expenses as well as her college tuition; and, (2) whether a wife who has established a separate residence is entitled to a $25 a week support order where her net earnings are nearly equal to those of her husband, and where the husband is bearing the care and custody of a minor child.

In June of 1971, appellee left the marital domicile and established her own residence. The parties' two children remained in the care and custody of the husband-appellant. At some late date, the adult daughter left home and took up residence in the home of a veterinarian, with whom she worked while attending college. On October 5, 1971, a hearing was held which resulted in a support order of $25 a week for the wife and $27 a week for the daughter. It is from that order that this appeal was taken.

At the outset, it should be reemphasized that it is not the function of this Court, in the absence of an abuse of discretion, to reverse where there was sufficient evidence to sustain the court below. *Commonwealth ex rel. Scarpato v. Scarpato,* 190 Pa. Superior Ct. 45, 151 A. 2d 783 (1959). As we said in *Commonwealth ex rel. DeCristofano v. DeCristofano,* 193 Pa. Superior Ct. 574, 576, 165 A. 2d 105 (1960). "In a support proceeding, the trial judge who sees and hears the witnesses is in a better position than the Superior Court to decide the issue on its merits."

We agree that the order as to the daughter should be affirmed. In *Commonwealth ex rel. Larsen v. Larsen,* 211 Pa. Superior Ct. 30, 33, 234 A. 2d 18 (1967), our Court held that "under certain circumstances, a father may be required to support a child attending college, whether or not the father has agreed to do so. For

such an order to be justified, the child should be able and willing to pursue successfully his course of studies, and, in addition, 'the father should have sufficient estate, earning capacity or income to enable him to pay the order without undue hardship.' " [citing *Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa. Superior Ct. 640, 643-44, 190 A. 2d 182 (1963)]. The court below determined that the adult daughter was enrolled in a college and was pursuing a course of study in veterinary medicine. The Court found that, even though room and board was provided to her without cost in exchange of part-time work, the parties' daughter still had sufficient incidental expenses to warrant a support order of $27 a week, of which $15 was to be applied to the cost of tuition. No "undue hardship" was found to exist to the appellant who had net earnings of about $168 a week.

There is no logical reason why a father who is able to do so should not be obligated to supply the student child with her reasonable expenses of maintenance in addition to her tuition costs. Surely, if the child is in need of such support, the cost of education must include such expense. It is irrelevant that the child can employ self-help to obtain her needs where there is no "serious" question of undue hardship on the supporting father. *Commonwealth ex rel. Hanerkam v. Hanerkam*, 221 Pa. Superior Ct. 182, 289 A. 2d 742 (1972). There can be little question that the lower court acted with due regard to the positions of the parties involved in setting the support order with respect to the daughter.

The question of the validity of the support order as to the wife-appellee presents separate considerations. Clearly, the purpose of support is to secure an allowance for the support of the wife as is reasonable, considering the property, income, and earning capacity of

24

the husband, and the family's condition in life. *Commonwealth ex rel. Zehring v. Zehring,* 186 Pa. Superior Ct. 393, 142 A. 2d 397 (1958).

We believe that considering the situation of the parties, in the instant case, the support order for the wife is excessive and places an undue burden on appellant.[1]

For the reasons stated herein, we reduce the support order with respect to the wife by $15, modifying the order to read $27 a week for the adult daughter while she remains a student attending college, and $10 a week for the wife.

Wright, P. J., Watkins and Jacobs, JJ., would affirm on the opinion of Judge Honeyman.

---

[1] Appellant's net earnings are $168 a week, from that amount appellant presently must pay the existing support order of $52 a week, maintain the expenses of the family home, care and maintain for a minor child living with him, and support his own expenses. The appellee, on the other hand, is presently earning $107 a week net. Although she may have been justified in leaving the marital domicile, the support responsibilities placed upon appellant are presently oppressive with respect to the $25 a week obligation for his wife, who lives alone.