Commonwealth ex rel. Borochaner *v.* Borochaner, Appellant.

Argued September 14, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*David H. Kubert,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY CERCONE, J., December 11, 1972:

This is an appeal by the husband from the lower court's refusal to give a greater reduction in the amount of support payable by him to his wife and two children (Glenn aged 7 and Gail aged 18).

The original order for their support was entered on May 6, 1971 and provided for a total support of $120 weekly, allocated as follows: $50 for the wife, $40 for Gail and $30 for Glenn.

In November, 1971, the husband filed a Petition for Reduction on the basis of reduced earnings. The Petition was later amended to include as a reason for reduction the daughter Gail's emancipation, appellant contending that there was no legal duty upon him to continue to support her while she was attending nursing school.

The Petition came on for hearing in February, 1972, after which the court reduced the order to $80 per week, not allocating or apportioning that amount among the wife and children holding that the father was required to continue the daughter's support while she was attending nursing school as he had in effect agreed to do and because such continued support did not cause "undue hardship" upon him.

In making its February order, the court below considered the $200 gross weekly salary that was being earned by the husband at the time of the original $120 weekly order, and compared it with the presently reduced gross salary of $150 weekly. The court did not use the present net income of $123.15 (though this amount was not contradicted) because the original order was based on the gross amount of $200.00 and defendant had not introduced the net amount in that action. The court, therefore, chose to compare the gross earnings, and so determined there was only a $50 difference between the two, which he allocated between the parties by reducing the support order by $40 week-

ly, the court reasoning that by this action it was in effect giving the husband a $40 credit.

However, the husband does not so view the court's action. He reasons that before his reduction in salary he had $80 left over after payment of the support order; now, he only has $45.13 left over and he cannot live on that. It is his contention that he should be permitted to continue to retain $80 weekly as under the original order.

It is our conclusion, however, that both the court and the husband are in error in their reasoning that the issue is that of allocation of the difference in salary rather than an evaluation of the over-all effect of the reduced net earnings on the amount of support to be paid therefrom by appellant. The fact that the original order did not take into account deductions from the husband's income for taxes is not res judicata or a bar to the husband's showing at the second hearing, what his net earnings are from his reduced salary. His Petition for Reduction is based on his reduction in salary and is not based on any error in the entry of the original support order. He therefore had a right, on his petition for reduction, to show the net amount of his reduced earnings.

Furthermore, the court permitted itself to be improperly influenced by surmise and conjecture as to the husband's actual earnings from the employer-company, the president of which was his cousin. Though the court states that "we did find that his actual earnings were as he testified, $150 per week" and that "no evidence was produced of any substantial property or financial resources other than what has already been summarized," it nevertheless commented "We believe that defendant's earning capacity far exceeds the actual amount of his earnings. Moreover, we were prepared to scrutinize and view with suspicion his understanding with his employer, a relative who appeared to have

control of a family dominated business." The court below, though it stated it accepted the husband's uncontradicted testimony as to his actual earnings, was thus improperly influenced by suspicion and surmise as to a greater earning power. This court has repeatedly stated the rule that surmise and conjecture cannot take the place of evidence: *Com. ex rel. Haimowitz v. Haimowitz,* 221 Pa. Superior Ct. 364 (1972); *Commonwealth ex rel. Shumelman v. Shumelman,* 209 Pa. Superior Ct. 87 (1966).

The issue, therefore, is whether or not a support order of $80 weekly from a net $123.15 weekly income is excessive. Though we interfere with the judgment of the court below with great reluctance, it is our determination from the record and the applicable law that the amount decreed by the court below exceeded what was reasonable and proper under the circumstances and that the amount of weekly support should be reduced to $70.00 per week, allocated as follows: $30.00 per week for defendant's wife Geraldine; $20.00 per week for his son Glenn, and $20.00 per week for his daughter Gail, until her graduation from the Jefferson School of Practical Nursing which she was attending at the time of the hearing and from which she was to have graduated in September, 1972. We believe that the record amply sustains the lower court's finding that the father was agreeable to his daughter's continued education in nursing school and would have continued to be so agreeable except for his reliance on his reduced salary as creating an undue hardship. We agree with the lower court's determination that such reduced salary did not create such an "undue hardship" as to release the father from his continued support during the short period of his daughter's nursing education, even though the father may be required to make some personal sacrifice to continue such support. *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa. Superior

Ct. 640 (1963) at 644; *Commonwealth ex rel. Smith v. Smith,* 217 Pa. Superior Ct. 1 (1970) at 5.

However, we do find, as already stated, that the record does not substantiate the amount of support entered by the court below as reasonable and proper.

The order of the court below is hereby modified to $70.00 weekly, allocated in accordance with this opinion.

SPAULDING, J., concurs in the result.

JACOBS, J., dissents.