363 A.2d 1304

**Darlene E. FOLMAR, Administratrix of the Estate of Robert Lee Folmar, Deceased, and Elsie J. Nittinger, Administratrix of the Estate of Raymond L. Nittinger, Jr., Deceased, Appellants,**

v.

**HARTFORD ACCIDENT & INDEMNITY CO., Appellee.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

Ambrose R. Campana, Williamsport, for appellants.

Arthur Silverblatt, Wilkes-Barre, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

There are two issues in this case, one being did the plaintiffs present sufficient evidence to warrant submitting to the jury the question of whether or not an automobile was "non-owned"; the other being are the plaintiffs estopped from asserting their claims as third party beneficiaries.

On September 2, 1966, Aaron D. Shaffer, Jr., (Shaffer, Jr.) was involved in a collision which caused the deaths of the plaintiffs-decedents on that date. William H. Liddic, (Liddic) the step-father of Shaffer, Jr., (with whom said Shaffer, Jr., lived) had a contract of automobile liability insurance with the Hartford Accident & Indemnity Co.,

(Hartford) the appellee. The appellants entered suit against Shaffer, Jr., and on May 28, 1968, received a verdict in their favor in the amount of $23,125.00. Judgment on that verdict was entered on August 13, 1968.

In the meantime, on July 11, 1968, Shaffer, Jr., sued Hartford in the Court of Common Pleas of Lycoming County claiming damages resulting from the said verdicts against him in the total sum of $28,125.00. Hartford contested this suit and defended on the grounds that the insurance policy did not provide coverage for Shaffer. The Court of Common Pleas of Lycoming County agreed and entered summary judgment against Shaffer, Jr.

On July 7, 1972, the appellants issued a Writ of Attachment Execution on the original lawsuit and served Hartford as garnishee. Appellee Hartford also contested this action on the grounds that as a result of the order of October 27, 1970, when summary judgment was entered against Shaffer, Jr., it owed them nothing. Therefore there was no fund in the hands of Hartford which appellants could attach. Appellants appealed this to our Court and we affirmed at 232 Pa.Super. 22, 332 A.2d 821 (1974).

Subsequent to our decision appellants instituted this action against Hartford claiming as third party beneficiaries under the insurance contract. After trial before a judge and jury a verdict was returned for the plaintiffs in the amount of $23,000.00. Appellee moved for a judgment n. o. v., which motion the trial court granted and entered judgment for the appellee notwithstanding the verdict. This appeal followed.

The insurance policy in question contained the following provisions with respect to what persons were insured by it.

"3. PERSONS INSURED: The following are insureds under Section I:

(a) With respect to the owned automobile,

(1) the named insured and any resident of the same household,

(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and

(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above;

(b) With respect to a non-owned automobile,

(1) the named insured,

(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission or reasonably believed to be with the permission of the owner and is within the scope of such permission, and

(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b)(1) or (2) above.

The insurance afforded under Section 1 applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability".

The policy defined a "non-owned" automobile as follows:

"4. Definitions . . .

'non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile".

The facts that appellants had a judgment against Shaffer, Jr., that Liddic had the insurance policy in question, and that Shaffer, Jr., was a relative of Liddic and a member of his household, were not contested by appellee. Appellee does contest the claim that Shaffer, Jr., was a "per-

son insured" under the policy because he was not operating a "non-owned" automobile or one not furnished for his regular use, a fact or circumstance which plaintiffs-appellants in order to recover have the burden of proving. Cf. *O'Neill v. Metropolitan Life Insurance Co.*, 345 Pa. 232, 26 A.2d 898 (1942).

In considering whether or not the appellants produced sufficient evidence to warrant submission of an issue to the jury, [it] the evidence must be regarded in a light most favorable to the verdict winner. *Moyer v. Ford Motor Co.*, 205 Pa.Super. 384, 386, 209 A.2d 43 (1965), in which we said:

> "It is well established that in granting a judgment n. o. v., the evidence must be considered in the light most favorable to the verdict winner. *Rogers v. Binkham*, 200 Pa.Super. 312, 315, 188 A.2d 821, 822 (1963). Moreover, the court must seek out and consider only that testimony which supports the verdict. *Ksiazek v. Pelle*, 174 Pa.Super. 304, 306–307, 101 A.2d 428, 429 (1953); *Johnston v. Dick*, 401 Pa. 637, 639, 165 A.2d 634, 635 (1960). Judgment n. o. v. may be entered, however, where sufficient proof was not adduced at trial to justify the submission to the jury of each factual question. *Kuhns v. Brugger*, 390 Pa. 331, 336, 135 A.2d 395, 399 (1957); *Ashcraft v. C. G. Hussey and Company*, 359 Pa. 129, 134, 58 A.2d 170, 173 (1948); *Johnston v. Dick*, supra, p. 639, 165 A.2d 634."

■■ The evidence which appellants produced was that Shaffer, Jr.'s father, Aaron D. Shaffer, Sr., had bought the car approximately one month before the accident; that the certificate of title was in his name on the date of the accident and that Shaffer, Jr., had not driven it any before he drove it on the day of the accident; that he had sold the automobile to his son, Shaffer, Jr., who had paid him in full for it; and that he had delivered the vehicle to his son before September 2nd (the day on which

the accident occurred). Shaffer, Jr., testified that he had received possession of the car, he had had it inspected, [he] put a license plate on it, and that he had the car for his own use. It appears that the only evidence of any substance of non-ownership was the fact that the vehicle was still registered in the name of Shaffer, Sr. All the other elements of ownership, such as possession, control, use and benefit of it, were vested in Shaffer, Jr. The certificate of title is in no way controlling on the question of ownership and is merely some evidence of it. *Wasilko v. Home Mutual Casualty Company*, 210 Pa.Super. 322, 232 A.2d 60 (1967). There was clearly insufficient evidence to warrant submitting to the jury the question of whether or not Shaffer, Jr., was operating a "non-owned" automobile.

Assuming solely for the purposes of argument that the facts that the registration certificate to the vehicle was in the name of Shaffer, Sr., and that Shaffer, Jr., had not driven the car until the day he had the accident were sufficient to warrant the submission of the question of ownership to the jury, there was no evidence offered by appellants to prove that the automobile was not furnished for the regular use of Shaffer, Jr., but on the contrary there was positive evidence that it was so furnished. Hence appellants failed completely to meet their burden of proof with respect to the requirement that the car be one which was "not furnished for the regular use of the operator". The evidence was quite insufficient to justify the submission to the jury of the issue of whether or not the automobile in question was furnished for the regular use of Shaffer, Jr. Upon review, the evidence in this case proves unmistakably that the automobile in question belonged to Shaffer, Jr., as owner, was possessed by him for his regular use and that he was not an insured under the Liddic insurance policy. The trial court recognized this and correctly entered judgment n. o. v.

In view of our disposition of the case on the issue of "non-ownership", we find it unnecessary to consider further the issue of whether or not the plaintiffs are estopped by the earlier rulings in these proceedings from now asserting their claim against appellee.

Affirmed.