## Commonwealth v. Newton

*Donald H. Lipson*, for prosecutrix.
*William C. Wickkiser*, for defendant.

HEIMBACH, *P.J.,* September 29, 1976—This matter is before us on defendant's rule to show cause why an existing support order should not be modified to exclude therefrom the parties' son David, nineteen years of age, and their daughter Judy, almost eighteen years of age, both of them having graduated from high school and presently enrolled in college.

The parties were married on June 27, 1949, and separated January 13, 1974. In addition to David and Judy, the parties have a third son, Peter, almost fifteen years of age, who presently resides with prosecutrix.

The original order, by agreement and order entered on April 2, 1974, provided for the payment of $325 a month for the support of prosecutrix and her two children. On February 26, 1975, by agreement the order was increased to $400. On October 27, 1975, by agreement and for income tax reasons, and at the instance of defendant, the order was broken down to provide for $70 for the support of prosecutrix, and $330 for the support of the three children.

David was a college student at the time of all of the agreements and orders, and, although defendant knew such was the case, the matter of his being a college student was neither discussed nor made mention of in the agreements.

## DISCUSSION

A starting point is to be had in keeping in mind the pronouncement of the court in Commonwealth ex rel. Schmidt v. Schmidt, 223 Pa. Superior Ct. 20, 23, 296 A. 2d 855 (1972).

"There is no logical reason why a father who is able to do so should not be obligated to supply the student child with her reasonable expenses of maintenance in addition to her tuition costs. Surely, if the child is in need of such support, the cost of education must include such expenses. It is irrelevant that the child can employ self-help to obtain her needs where there is no 'serious' question of undue hardship on the supporting father. Commonwealth ex rel. Hanerkam v. Hanerkam, 221 Pa. Superior Ct. 182, 289 A. 2d 742 (1972)."

Repeated in the syllabus of the same case are the following applicable principles of law:

"2. Under certain circumstances, a father may be required to support a child attending college, whether or not the father has agreed to do so.

"3. To justify such an order, the child should be able and willing to pursue successfully a course of studies, and, in addition, the father should have sufficient estate, earning capacity, or income to enable him to pay the order without undue hardship."

We add: Support, as every other duty encompassed in the role of parenthood, is the equal responsibility of both mother and father: Conway v. Dana, 456 Pa. 536, 540, 318 A. 2d 324 (1974).

Since defendant was aware of his son David being a college student when he agreed to include him in the orders of support of February 26, 1975, and October 27, 1975, and on the strength of these support agreements prosecutrix made financial commitments and made certain loans for David's college expenses, with knowledge likewise by defendant, much merit is found in prosecutrix's contention that, even though not stated orally or in any writing, an implied agreement arises by conduct. Reference is made to section 5 of the Restatement of the Law of Contracts:

"How a Promise May Be Made.

". . . a promise in a contract must be stated in such words either oral or written, or must be inferred wholly or partly from such conduct, as justifies the promisee in understanding that the promisor intended to make a promise."

In the Pennsylvania Annotations to section 5, supra, the annotator in referring to Mayfaith's Appeal, 2 Atl. 28 (1885), states:

"Whether this be a rule of evidence, or of persons or of contracts, it should be borne in mind that the circumstances of family relationship should be considered in determining whether a promise is to be implied from conduct."

The above-stated reasons suggest another principle of law that has application:

"1. Where the support of a child attending college is within the contemplation of the parties to an agreement of support, a father may be liable to support and furnish his child with a college education." Commonwealth v. Martin, 196 Pa. Superior Ct. 355, 175 A. 2d 138 (1961).

The testimony is that the only sources of income for both David and Judy, other than from their mother, are loans and scholarships and summer earnings by David that permits him to purchase his text books. The prosecutrix testified that for the year 1976, up to September 3rd, she paid for David's education at college $849.75, with room rent in the amount of $260 a semester still owing. For tuition she pays a "little over $200.00 a year."

For Judy, prosecutrix pays $20 a week for her room off-campus because living quarters were unavailable on campus. Judy needs a car for transportation, since she lives four miles from the college and lacks other means of transportation. Prosecutrix paid over $600 for repairs to the car that Judy uses, a car that prosecutrix owns. In addition, she pays all car expenses, including insurance.

In addition to their college expenses, prosecutrix has the normal household expenses when the children come home.

From this testimony the children's need of support is established.

Since defendant agrees the children have the ability to pursue successfully a course of study, this requirement needs no further discussion.

This brings us to the question of whether defendant has sufficient estate, earning capacity, or income to enable him to pay the order without undue hardship.

Summarized, the defendant's testimony is this:

He is without any estate from which any funds are available. Subsequent to the parties' separation, he left the ministry and took employment with Mack Trucks, where he is presently employed as Affirmative Action Administrator. He remains an ordained Episcopal minister.

His monthly gross income is $1,341.90. His net income after all deductions, excluding the $400 paid to prosecutrix, is $1,045.62. He has the following monthly expenses:

| | | | | |
|---|---|---|---|---|
| Payment to prosecutrix | | | $ 400.00 | |
| Rent | | | 130.00 | |
| Utilities | | | 25.00 | |
| Insurance | Auto | 12.00 | | |
| | Life | 27.00 | 39.00 | |
| Automobile: | Gas & oil | 27.00 | | |
| | Repairs and maintenance | 50.00 | 77.00 | |
| Clothing | | | 35.00 | |
| Food | | | 110.00 | |
| Miscellaneous | | | 23.00 | |
| Medical: Med. & counseling | | 35.00 | | |
| Drugs | | 4.00 | 39.00 | |
| Loans—Credit Union | | | 134.00 | |
| Other: Recreation | | 50.00 | | |
| Magazines & educational readings | | 10.00 | | |
| Contributions—church, etc. | | 20.00 | | |
| Organ. fees/bus exp. | | 10.00 | | |
| Furnishings | | 25.00 | 115.00 | $1,127.00 |

RECAPITULATION

Monthly income ............. $1,045.62
Monthly expenses ........... 1,127.00
DEFICIT ....... $   81.38

His further testimony is that his present salary exceeds the salary he received as a minister; that because of the pressure of his position and the need

for week-end relaxation, he advised the Bishop that he was available for temporary ministerial assignments up to the point of maintaining his ordination vows, but not as a second job. Thus far, the Bishop has not called him.

He admits that since agreeing to a support order for his wife and children in the total amount of $400 monthly, he has had two cost-of-living raises. Likewise, the first loan from the Credit Union for which he pays back on its account $134 monthly was made in the middle of 1975 in the amount of $2,500. Since that time he has made several additional loans, his present balance being in the amount of $2,000. The loans were made to pay off loans made to pay debts owing at the time of separation, additional legal fees, and a $575 stereo he purchased. From his testimony and a scrutiny of his listed expenses, we are of the opinion that maintaining his present support order will present no real problem to him—probably some inconvenience, but not a hardship, neither in the case of David nor Judy. Since we so find, we need not determine whether or not as to David an implied contract exists for his support of David while in college. Nevertheless, we would so find if we determined a hardship existed. Some of the expenses listed that may be pared are automobile, for which he lists monthly operation expenses of $77, clothing at $35, food at almost $4 a day, and most of the items listed under "other" in the amount of $115. In addition defendant has a high earning capacity. In addition to being an ordained minister, with a Master's Degree in Theology from the University of Virginia, he has a Bachelor of Science Degree with a major in business administration from the University of Buffalo, and a Master's Degree in Education from

Temple University. With this background moonlighting to meet any additional financial needs should not present a problem.

Although not before us under the pleadings, nor necessary to consider, a review of prosecutrix' financial situation indicates she is fully accepting her responsibilities as a parent. Her net income approximates $7,500. Up to two months ago, she worked every Friday evening from 6:00 to 9:00 and all day Saturday to 5:00 p.m., as a saleslady at a salary of $20 a week, but because of the difficulty presented in keeping a proper home for her young son she quit. She testified to having the following expenses in addition to the children's college expenses, supra:

| | |
|---|---:|
| Rent | $185.00 |
| Car payment | 102.00 |
| Telephone | 95.00 |
| Electric bill | 60.00 |
| Car expense | 50.00 |
| Food | 140.00 |
| Insurance | 45.00 |
| Son Peter's lunches | 13.50 |
| | $690.50 |

In addition to these enumerated expenses she has, of course, the ordinary and usual expenses a household head incurs for medical and dental care, clothes, entertainment, etc. All of this, together with having the full responsibility of providing a home and caring for their children without help, other than financial, from defendant, attests to the more than equal parental responsibility assumed by her.

Having found that the children in college are in need of support and that they are able and willing to

pursue successfully their courses of study, and that prosecutrix is fully carrying out her parental duties in all respects, and that defendant will not suffer any hardship in continuing the support order presently in force, we enter the following

### ORDER

Now, September 29, 1976, the rule heretofore granted to show cause why the order for the support of David and Judy Newton should not be modified is dismissed.

Costs on defendant.