384 A.2d 1337

**COMMONWEALTH of Pennsylvania ex rel. Rosemary Chapman BERRY, Appellant,**

**v.**

**William Emory BERRY.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided April 13, 1978.

Mary Bell Hammerman, Philadelphia, for appellant.

Richard A. McDaniel, Philadelphia, for appellee.

Before WATKINS, President Judge and JACOBS, HOFF-MAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This case involves an appeal by appellant-wife in an action brought by appellee-husband to vacate support payments as to appellant and to ascertain his support responsibility with respect to his son. In this action the Court of Common Pleas on January 8, 1976 vacated a previous support order as it applied to appellant and directed appellee to continue making child support payments in the amount of $37.50 per week plus $10 per week for arrearages.

The payments of the foregoing amounts were ordered for the support of a ten-year old child born to the litigating parties during the course of their nine-year marriage which was terminated by a divorce decree on June 3, 1975. Previous to the divorce and the support order now being appealed, the Court of Common Pleas on March 17, 1970 had ordered appellee to make support payments for both his wife and child in the amount of $65 per week. It is appellee's

contention on appeal that the lower court abused its discretion in reducing support payments to the sum of $37.50 per week, which sum is to be used solely for the maintenance of the son.

The reasonableness of the lower court's support order hinges upon the comparative ability of the litigants to contribute their respective shares to the maintenance of their child. Mr. Berry earns a net weekly salary of $243 and claims expenses in the amount of approximately $232 a week. Included in these expenses are sundry living expenses[1] and several charge account payments and loans. Mrs. Berry, on the other hand, earns a net weekly salary of $134.44 and claims expenses for the child alone in the amount of $121.50 per week. Additionally, appellant claims expenses in the form of monthly mortgage payments and various household related expenditures.

■ Appellant contends that in view of her financial resources as compared to her ex-husband, the lower court's support judgment is grossly inadequate. Before directly considering this contention, it must be emphasized at the outset of this opinion that the trial court possesses wide discretion as to the proper amount of child support payments and, unless surrounding circumstances suggest that the lower court has abused its discretion, its judgment must be upheld. *Com. ex rel. Friedman v. Friedman*, 223 Pa.Super. 66, 297 A.2d 158 (1972); *Commonwealth v. Thompson*, 220 Pa.Super. 400, 289 A.2d 183 (1972).

■ Proceeding from this general proposition concerning the scope of review of this court with respect to the issue at hand, attention can be focused upon the question of whether the lower court complied with existing law in making the support order here being challenged. Although there is no express limitation on the amount of a support order which may be imposed against a father for support of his child or children, *Comm. ex rel. Warner v. Warner*, 198 Pa.Super.

---

1. Specifically, these expenses include the cost of: apartment rental, cleaning and laundry, utility bills, food and transportation.

124, 181 A.2d 188 (1962), a support order must be fair and not confiscatory. What is fair in a given case, of course, depends on the property, income and earning capacity of both parties. *Comm. ex rel. Bassion v. Bassion,* 199 Pa.Super. 541, 185 A.2d 822 (1962). It is these factors which are necessarily determinative of the amount of the support order.

General consideration of fairness, in essence, demand that a support order imposed upon a father be consistent with his station in life and customary standard of living. *Comm. ex rel. Balph v. Balph,* 210 Pa.Super. 244, 232 A.2d 76 (1967). That is, while the father's duty to provide the necessities of life for his children is absolute, he can only be expected to provide for their physical and emotional needs in a manner which is commensurate with his own financial resources and status in life. Although the application of such a standard of fairness to a particular case may unfortunately mean that the support order is something less than "ideal" from the child's point of view, such a standard is the only viable means of balancing the rights and duties of all parties involved, children as well as parents.

In the present case, it was the opinion of the lower court that while the expenses claimed by appellee were well within reason, appellant's expectations of support for her child far exceeded the level necessary to guarantee that the child would be cared for in an adequate manner. Therefore, the lower court entered a support order substantially below that demanded by appellant. More specifically, the court objected to the mother's claim of necessary expenses for the child's care in the form of payments for piano and theatre lessons, camping, and karate classes as being unreasonable in view of the father's annual net income of approximately $11,600. Instead, the hearing court determined that this child could be adequately supported on roughly $50 per week and that the father should be expected to contribute $37.50 of this amount. After consideration of the expenses proved by Mrs. Berry, this court agrees with the lower court that they are beyond the father's financial means and standard

of living, and that the court's estimate is more accurate. While it is commendable that appellant seeks to provide her child with those advantages which she deems to be in the child's best interests, this court cannot impose a duty of support on the father which his financial status demonstrates would be unreasonably burdensome.

It is worthy of emphasis that orders of child support are to be based solely on existing financial circumstances. Such orders are not meant to be punitive in character and cannot be used as a means of compensating a parent for past hardships. *Comm. ex rel. Milne v. Milne*, 150 Pa.Super. 606, 29 A.2d 228 (1943). In short, such orders must be limited by the discretion of the court to an amount which will furnish the parent with the means of maintaining and supporting the child in the future. *Id.* These are the factors which the trial court did, in fact, consider in making the support order in question.

It is also appellant's contention that the lower court's support order is inconsistent with the constitutional guarantees against sexual discrimination set forth in the Equal Rights Amendment. Const. art. I, § 28. It seems to be appellant's position that under the Equal Rights Amendment parents are to be liable for support based strictly upon a comparison of their respective incomes rather than their overall financial positions. Quite to the contrary, however, the amendment demands that a court, in considering the proper support order to impose upon the parents, must assess each party's overall capacity to discharge his or her obligation of child support. *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974). In effect, the Equal Rights Amendment, while affirming the obligation of both parties to share in the support of their children, does not modify traditional rules with respect to what is relevant in determining the financial capacity of the parents to shoulder their respective responsibilities. Thus, appellant's position on this issue is clearly unfounded, and the lower court properly assessed appellee's overall financial status in arriving at the support judgment of $37.50 per week.

For all of the reasons stated above, there exists sufficient evidence to support the judgment of the lower court whose support order of $37.50 per week is affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.