422 A.2d 172

**Tracy Kay DEILEY, Appellant,**

v.

**James D. DEILEY.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed Oct. 3, 1980.

James B. Martin, Allentown, for appellant.

James D. Deiley, for appellee, in pro. per.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

## OPINION

PER CURIAM:

Presently before the court is appellant's appeal from an order of the lower court dated March 5, 1979 wherein appellant's complaint for support was denied.

The facts may be briefly summarized as follows: On October 9, 1978, appellee filed a petition for reduction in support alleging that his daughter, the appellant, had become emancipated on September 29, 1978 when she reached her 18th birthday, thus discharging his paternal support obligation. There after, on November 20, 1979, appellant filed her own complaint for support requesting support from her father, the appellee, in the amount of $103.00 per week while attending college. Appellee's petition and appellant's complaint were consolidated and heard on February 9, 1979. On March 5, 1979, the court issued its order which impliedly granted appellee's request for reduction and expressly denied appellant's complaint for support on the theory that appellee's "income is inadequate to provide support without creating an undue hardship." It is from this order that the instant appeal has been taken.

With respect to our scope of review in matters of support: initially, it is appropriate to observe that the trial court possesses wide discretion as to the proper amount of support payments and, unless surrounding circumstances suggest the court abused its discretion, its judgment will not be disturbed. *Commonwealth ex rel. Berry v. Berry*, 253 Pa.Super. 268, 384 A.2d 1337 (1978); *Weiser v. Weiser*, 238 Pa.Super. 488, 362 A.2d 287 (1976); *Commonwealth ex rel. Caplan v. Caplan*, 236 Pa.Super. 605, 346 A.2d 822 (1975).

---

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

The scant record demonstrates that there is no dispute that appellant has the ability and willingness.

"Q. Do you dispute the fact that you daughter has the desire and ability to go to college?"

A. Mr. Deiley—"No, I do not." (T. 19A).

Later appellant testified that she had earned a 3.0 average the first semester of her Freshman Year at Georgetown University in Washington, D. C.

Accordingly, the threshold issue before the lower court and now before us is whether or not appellee is in a financial position to enable him to provide support for his 18–year old daughter without undue hardship to himself.

The record reflects the following: Appellant's room, food and tuition costs at Georgetown University are $6,040.00 on an annualized basis. Appellant has a grant in aid at Georgetown in the amount of $1,600.00 per year, a Pennsylvania State Scholarship in the amount of $600.00, and a government education loan of $1,500.00, for a total aid package of $3,700.00 per year. Thus, appellant has a deficit of $2,340.00 per year, or $45.00 a week in her direct costs at Georgetown. In addition, appellant has weekly expenses for clothing, books, transportation, medical and miscellaneous which coupled with the direct weekly room, food and tuition expenses caused appellant to seek support from appellee in the amount of $103.00 per week.

Appellee, an electrician, earns $31,200.00 per year gross salary, his gross pay per week being $600.00. After deductions, his budget statement reflects a weekly salary of $377.70. On the expense side, appellee's itemization reflects weekly expenses, excluding support, of $308.00. With the support payment for a minor son of $50.00 per week included, he has expenses of $358.00 per week. Appellee testified that he is employed by a corporation in which he owns 10% of the outstanding stock. He did testify, however, that his employer, the corporation, did not pay a dividend the previous year.

Appellant's mother then testified that she works for Bell Telephone Company with net earnings of $212.00 per week,

exclusive of a payroll deduction of $100.00 for a tuition loan for appellant's expenses. Mrs. Deiley thereafter testified that she has paid $2,827.60 towards appellant's education (T. 23), that she has not received any support from appellee for appellant's education, and that she is financially unable to continue to carry the financial load for appellant's education herself on her salary (T. 24A). Mrs. Deiley's average gross annual income is $15,080.00.

■ The law in the Commonwealth of Pennsylvania is such that a parent has a legal duty to provide or aid in providing a college education for his child so long as two conditions are satisfied. First, the child must demonstrate the ability and willingness to attain a higher education; and second, the parent must have sufficient estate, earning capacity or income to enable him to provide such financial assistance without undue hardship. *Commonwealth ex rel. Borochaner v. Borochaner*, 223 Pa.Super. 267, 298 A.2d 892 (1972); *Commonwealth ex rel. Schmidt v. Schmidt*, 223 Pa.Super. 20, 296 A.2d 855 (1972); *Hanerkam v. Hanerkam*, 221 Pa.Super. 182, 289 A.2d 742 (1972); *Commonwealth ex rel. Rice v. Rice*, 206 Pa.Super. 393, 213 A.2d 179 (1965); *Commonwealth ex rel. Ulmer v. Somerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963).

We have held that since support is the equal responsibility of both parents, the earnings of both parents should be considered in determining the appropriateness of a support order for a child attending college. *Commonwealth ex rel. Platt v. Platt*, 227 Pa.Super. 423, 323 A.2d 29 (1974).

■ We conclude that the lower court abused its discretion in ordering that appellant's complaint for support be denied on the basis that appellee's income is inadequate to provide support without creating an undue hardship. We find it difficult to believe that at the time of the filing of the petition and complaint and then at the time of the hearing that appellee's income was inadequate to provide support for his daughter without creating an undue hardship unto himself. Surely, appellee's income is sufficient to provide some sort of financial aid and assistance to his daughter. We are not suggesting at this time that appellee necessarily be

ordered to provide appellant with the requested $103.00 per week support. What we are suggesting, however, is that the lower court abused its discretion in this case when it found that appellee's "income is inadequate to provide support without creating an undue hardship." Under the facts at bar, we find that appellee owes a duty of support to his daughter, the appellant; therefore, the lower court's order permitting appellee to avoid this responsibility constitutes a clear abuse of discretion.

Accordingly, we hereby reverse the order of the lower court dated March 5, 1979 and remand for further proceedings consistent herewith.

Reversed and remanded.

CIRILLO, J., files a dissenting statement.

CIRILLO, Judge, dissenting:

I dissent. It is readily apparent that the appellee cannot afford to make any significant contribution to his daughter's education. His net income after payment of his expenses leaves him with $19.00 per week. That sum is not sufficient to make an adequate contribution without undue hardship to the appellee. *Commonwealth ex rel. Williams v. Williams*, 242 Pa.Super. 350, 364 A.2d 410 (1976). I would affirm on the Opinion of the Court below.