435 A.2d 207

**Marie CIANFARINI**

v.

**Anthony CIANFARINI, Appellant.**

Superior Court of Pennsylvania.

Argued March 2, 1981.

Filed Sept. 25, 1981.

Julius E. Fioravanti, Philadelphia, for appellant.

Fredrick Smith, Philadelphia, did not file a brief on behalf of appellee.

Before CERCONE, President Judge, and WICKERSHAM and BROSKY, JJ.

BROSKY, Judge:

This is an appeal from the order of support entered February 26, 1980 directing appellant-father to pay the sum of $75 per week for the support of his two children: $45 per week for Steven and $30 per week for Doreen. At the time of the filing of the complaint, Steven was eighteen and

Doreen twelve. The parties were divorced in 1976. The central issue for our determination is whether the court below abused its discretion in ordering appellant to pay the sum of $45 per week for the support of his son Steven, who lives at home with appellee and attends college.[1] We reverse and remand.

The record shows that prior to the filing of the complaint for support, appellant had been voluntarily providing $50 per week for the support of his children. When Steven turned eighteen and began attending college, Mr. Cianfarini stopped contributing to his support, thereby decreasing his voluntary contribution by $25. However, appellant did contribute the sum of $1,000 towards the first year of Steven's college education, to supplement a grant and a student loan.

Appellant contends that the award of support of $75 is unjustified by the evidence and creates an undue hardship upon him. He also argues that the court below erred in not giving due regard to the one thousand dollars already contributed by him to his son for educational expenses.

At the outset, we note that it is not the function of this court, in the absence of an abuse of discretion, to reverse where there was sufficient evidence to sustain the court below. *Commonwealth ex rel. Schmidt v. Schmidt,* 223 Pa.Super. 20, 296 A.2d 855 (1972); *Commonwealth ex rel. Nicholson v. Groff,* 169 Pa.Super. 12, 82 A.2d 536 (1951).

The rule regarding a father's duty to provide a college education for his child was stated in *Commonwealth ex rel. Williams v. Williams,* 242 Pa.Super. 550, 552, 364 A.2d 410, 411 (1976):

[A] father has no duty to aid in providing a college education for his child, no matter how deserving, willing or able the child may be, unless the father has sufficient estate, earning capacity or income to enable him to do so without undue hardship to himself. [citations omitted].

1. In this appeal, appellant challenges only the portion of the order relating to his son.

The existence of undue hardship will depend upon the circumstances. *Commonwealth ex rel. Williams v. Williams,* supra, 242 Pa.Super. at 553, 364 A.2d at 411. In *Commonwealth ex rel. Larsen v. Larsen,* 211 Pa.Super. 30, 234 A.2d 18 (1967), we stated:

No mathematical rule can be formulated to determine how extensive the hardship upon a father must be before it will excuse him from supporting a child in college. It must be a matter of judgment in a field where the judgments of sincere and advised men differ materially.

Id., 211 Pa.Super. at 34, 234 A.2d at 20, quoting *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa.Super. 640, 644–645, 190 A.2d 182, 184 (1963).

■ Appellant testified that his take-home salary as a truck driver for a delivery company is approximately $280–$310 per week, depending on overtime. On his budget sheet, he listed his expenses as totaling $227 per week, not including support.

At the hearing, the following exchange occurred between appellee and the court:

THE COURT: [Appellant] did contribute a thousand dollars towards the child's education?

MRS. CIANFARINI: Yes, he did.

THE COURT: He has three more years to go, is that right?

MRS. CIANFARINI: Yes. It is either a four or five-year program.

THE COURT: What is he studying?

MRS. CIANFARINI: Engineering.

THE COURT: There is really no time limit on engineering.

MRS. CIANFARINI: *I am not asking for schooling. I am asking for support because he lives with me.*

Mrs. Cianfarini did not however, produce any evidence concerning Steven's schooling expenses.

We find that the lower court abused its discretion here. Given appellant's take-home pay of approximately $280, we

find that $75 per week would create an undue hardship since, subtracting his weekly expenses of $227, which amount does not include support, appellant would be left with nothing. However, since appellant was apparently able to pay the sum of $25 per week for Steven before Steven went to college, and since appellant did not testify that such amount created a hardship to him, we hold that an order directing appellant to pay $55 per week, $25 for Steven's educational expenses and $30 for the support of Doreen, would be fair and equitable. In so deciding, we are mindful of the fact that appellant has already contributed one thousand dollars toward Steven's tuition expenses.

Accordingly, we reverse and remand the case to the court below to draft an order consistent with this opinion.

WICKERSHAM, J., dissents.