436 A.2d 1021

COMMONWEALTH of Pennsylvania ex rel. Anne DURSO,

v.

**Richard A. DURSO, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1979.

Filed Oct. 30, 1981.

Stanley M. Poplow, Philadelphia, for appellant.

Joseph P. Cronin, Jr., Milmont Park, did not file a brief on behalf of appellee.

Before SPAETH, CAVANAUGH and O'KICKI, JJ.*

O'KICKI, Judge:

■ The issue in this case is whether or not the Family Division of the Common Pleas Court has jurisdiction to enforce a private agreement of support that has been entered into record by mutual consent of the parties at a prior court hearing on the matter.

The Trial Court entered a Consent Order on April 24, 1974, encompassing the parties' private agreement which had set forth their respective obligations of custody and support of a son, distribution of property, and other marital matters.

Again on March 22, 1979, another Order was entered by the Court of Common Pleas of Philadelphia County, Family Division, which directed Richard A. Durso (Father/Appellant) to pay the sum of $454.20 to Anne M. Durso (Mother/Appellee) for certain expenses of Richard A. Durson (son). The Trial Court's Order was predicated on an Agreement made on February 25, 1970. This present matter arises out of the hearing which was held on mother's Petition for Support, filed February 26, 1979 in which she alleged that Appellant had failed to comply with the terms of the aforesaid Agreement, and she sought compliance.

* President Judge Joseph F. O'Kicki, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

As the Trial Court aptly noted in the first paragraph of its opinion, an actual support order was entered in this case pursuant to an Agreement between Appellee and Appellant. It is abundantly clear from a reading of the Trial Court's Opinion that it treated this matter as being an action on a court order rather than a support agreement.

Had the Trial Court used the Civil Procedure Support law as a remedy to collect payments due under a Separation Agreement executed pursuant to a divorce, it would have been improper. *Commonwealth ex rel. Jones v. Jones,* 216 Pa.Super. 1, 260 A.2d 809 (1969). However, the case at bar goes beyond a mere Agreement, as is evidenced by the language of her Petition, Appellee was indeed asking that Appellant comply with the terms of their previous Agreement, *embodied in a prior court order.*

> "Defendant has failed to comply with terms of the Agreement which was entered as an Order of this Court on February 26, 1974. Petitioner seeks a Court Order for the defendant's compliance with the terms of the Agreement as set forth on the Court Order."

We do agree with the above stated purpose of the Legislature. However, consideration should be given also to the policy by which the Act was conceived. As *Jones,* id, further states "the object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature (citations omitted)" p. 810. The policy and purpose from which the Act arises is that of providing the amount of support needed for the maintenance of dependents. When these types of agreements are entered into by the legally obligated parties, even if not formally filed or court ordered, where else but in the Family Division of the court should they be challenged and enforced or dismissed? The function of this Division of the court system is precisely that—to deal with family, support and custody matters. Accordingly, we extend the dicta of *Jones* to include not only formal court ordered duties "imposable by law", but also agreements as to support which deal with duties "imposable by law" due to the natural legal obligation placed upon parents and guardians to support their dependents.

This natural obligation need not have been set out in a mutually consented agreement. Nevertheless, for practicality and convenience sake, in some cases it has been. Those cases do not need a court determination as to the terms of separation since these terms are mutually agreed and binding. However, the parties should not suffer because of their diligence and amiability. It would be ironic indeed if those parties who choose to expend the court's time and effort by requiring it to determine the support amount and terms and enter an Order to that effect would be more protected, and have more recourses open to them, than those parties who take it upon themselves to agree to the separation arrangements without initial court intervention.

The case of *Commonwealth ex rel. Eqolf v. Eqolf*, 49 D. & C.2d 400 (1970) at page 402 states:

"The Pennsylvania Civil Procedure Support Law applies to "duty imposed or imposable by law" . . . *Commonwealth ex rel. Jones v. Jones*, supra.

By filing the Agreement as part of the Court Order in 1974, the parties entered into "duties imposed or imposable by law."

Thus, the foregoing analysis amply demonstrates that, under the instant factual and procedural setting, the Civil Procedural Support law and the Family Court Division of the Court of Common Pleas of Philadelphia County were the correct remedy and correct forum for this dispute.

As an alternative basis of non-liability, Appellant asserts that the Petition for Support was improperly brought in the name of Appellee/Mother, Anne Marie Durso. When the Petition was filed on February 26, 1979, the son was 21 years of age, being born June 8, 1967. In view of this, Appellant alleges that he should have brought the Petition in his own name (i. e. the son's name).

Appellee's Petition was filed under the Civil Procedural Support Law Act of August 14, 1963, P.L. 872, § 1; 62 P.S. § 2043.35(b). It provides in pertinent part that "a complaint may be filed by any person . . . to whom a duty of support is

owing." Although we need not reach the issue of the son's self-supportiveness as a separate factor in determining the case, we address it here in conjunction with Appellant's contention that Appellee cannot bring the action in her name.

The Trial Court found "that Richard is not entirely self-supporting." Trial Court Opinion at p. 3. As fact finder, the Trial Court was in a better position than we to make this determination. After a review of the proffered testimony contained in the Notes of Testimony, we must agree with the Trial Court's determination. Son, Richard, still requires support at this time by either of his parents during his college educational years, and until he moves onto the adult working world, sets up his own "home" and provides for himself. Age is not the only determining factor in the definition of "majority". Blacks Law Dictionary at p. 1107 defines majority not only as "full age" but also as "the age at which, by law, a person is entitled to the management of his own affairs...". The Agreement here provides for Appellant's payment of support to Appellee during Richard's educational years. Thus, although 21 years of age, the Trial Court recognized the Agreement that he is not managing his own affairs and Appellee is still in the position "to whom a duty of support is owing" as she was before Richard attained the age of 21. Support of their *still-dependent* son is due her under the Court enforced Agreement. She can bring the action herself or on behalf of her son as the real party in interest.

■ This action has been brought in the correct forum by the correct party, contrary to Appellant's first two arguments in support of his non-liability. In reaching these findings we necessarily hold that there has been no abuse of the Trial Court's discretion in its decision. A reviewing court will overrule a Trial Court's determination of a support Order when there is a clear abuse of discretion. *Commonwealth ex rel. Schmidt v. Schmidt*, 223 Pa.Super. 20, 296 A.2d 855 (1972). The Trial Court, as fact finder, has found that Richard is not self-supporting (as discussed above) and

that the transportation expenses claimed by Appellee not only "are included in the Father's obligations under the 1970 Agreement" but in addition, "appear reasonable." Accordingly, they were granted.

We see no evidence in the Notes of Testimony or supplied Briefs contrary to these findings requiring that they be overturned.

Order Affirmed.

CAVANAUGH, J., concurs in the result and joins in the concurring statement of SPAETH, J.

SPAETH, Judge, concurring:

I agree with the majority that the order of the lower court should be affirmed. Appellee originally filed a petition for support on March 5, 1971, which made no reference to the prior private agreement between the parties; she merely recited that she was receiving $25 a week in support of their son, and requested an increase in that amount. It was appellant in his answer to the petition for support who pleaded the private agreement, attached it as an exhibit, and asked the court to rescind it in part and require him to pay only $10 a week. The response of the lower court was to enter an order on April 6, 1971, requiring appellant to continue to comply with the existing agreement. The April 1974 consent order resulted from a petition for support that was filed by appellee and alleged breach of the April 6, 1971, order.[1] Thus it is clear that the order now being appealed from is not an order enforcing a private agreement but rather an order enforcing at least two prior court orders.

Having said this much, I believe we should stop. I find the language in the majority opinion, slip op. at 3, too broad. Until and unless the terms of a private agreement have been embodied in a court order, however entered, whether by consent or not, the holding of *Commonwealth ex rel. Jones v. Jones*, 216 Pa.Super. 1, 260 A.2d 809 (1969), is clear: a

1. Neither appellant's statement of the case, Brief for Appellant at 3, nor his highly selective listing of docket entries, Reproduced Record at 1a, makes any mention of the 1971 court order.

private support agreement that has not been entered as a court order may not be enforced as a support order but may only be the subject of a law suit, like any other private agreement. This principle, of course, does not prevent one to whom a duty of support is owing from filing a petition for support in an amount in keeping with the agreement, and then seeking enforcement of whatever order the court enters.