## Bender v. Bender

*David L. Williams,* for plaintiff.
*John F. Pyfer, Jr.,* for defendant.

BUCKWALTER, *J.*, June 22, 1983—This matter originated in the Domestic Relations Section by a complaint dated February 9, 1983, being filed by plaintiff whereby she requested that an order be entered against defendant and in favor of her and two children for reasonable support.

On April 12, 1983, after a conference was held, the Domestic Relations Officer recommended that defendant be ordered to pay $66 per week for the support of two children as well as continuing hospital and medical insurance on them through his employer. On the same date, the court accepted this recommendation.

Timely exceptions were taken to the order by both plaintiff and defendant, and a court hearing was scheduled for May 24, 1983 to determine if that order should be changed. No testimony was taken at that time but counsel for both parties discussed their exceptions.

Defendant's exceptions were of the standard variety, essentially stating that the hearing officer did not properly determine plaintiff's needs as related to her expenses and failed to properly consider the defendant's contributions to the children's support through the purchase of hospitalization insurance.

Plaintiff's exceptions pose a different problem. It is her contention that a postnuptial agreement entered into on February 2, 1982 provided that defendant should pay $120 per week for the support of the two children. Furthermore, that agreement was not incorporated into the divorce decree which was subsequently entered in this case.

Although the domestic relations office hearing officer was afforded a copy of the agreement at the conference, he did not follow its terms for the following reason: "I believe that because the parties came to Domestic Relations to establish a support order through the Court, that we should use the guidelines established by the Court in Lancaster County."

Defendant supports the decision of the hearing officer in not following the terms of the postnuptial agreement, suggesting that a private agreement could be enforced through an action in equity or assumpsit. See Brown v. Hall, 495 Pa. 635, 435 A.2d 859 (1981). Moreover, whereas here the agreement was not embodied in the divorce decree, the agreement may not be enforced as a support order but only the subject of a lawsuit like any other private agreement. Commonwealth ex rel. Durso v. Durso, 292 Pa. Super. 94, 436 A.2d 1021 (1981).

Plaintiff, on the other hand, feels that it is entirely appropriate to seek enforcement of the agreement through the procedure it has instituted by the complaint filed to the above term and number.

Plaintiff cites paragraph 15 of the agreement, which provides as follows:

15. Breach. The parties hereto agree that the provisions of this Agreement may be entered and enforced by an appropriate court order at the action of the entitled party and against the obligated party, as the case may be in the instance in question, when the problem arises.

Moreover plaintiff has referred to this court a copy of an opinion filed March 11, 1983 by the Superior Court and since reported and cited as follows: Millstein v. Millstein,      Pa. Super.      , 457 A.2d 1291 (1983).

The court strenuously urges all attorneys involved in domestic relations work to carefully review this opinion.

As it effects the case now before the court, Millstein stands for the proposition that a judge, sitting in support court, can consider a separation agreement. See p. 1295. The far-reaching opinion in Millstein would further indicate that in all but limited cases, a separation agreement will not preclude a court from increasing a parent's child support obligation beyond the amount provided in the agreement but the agreement may preclude a parent from decreasing his support obligation to an amount less than the amount provided in the agreement. See the discussion concerning Bria v. Bria, 95 Dauphin 358, aff'd 464 Pa. 247, 346 A.2d 542 (1975), at page 1294.

Millstein does not specifically refer to the procedure under which a judge sitting in support court should consider a separation agreement when the validity of that agreement is contested. Obviously the Pennsylvania Rules of Civil Procedure governing actions for support should be followed. These rules provide not only for a hearing but for discov-

ery. See Pa. R.C.P. 1910.11. In this case, it is possible that both sides may wish to engage in discovery. The order entered hereafter will take that possibility into consideration.

In the future, in cases involving support agreements not incorporated in the divorce decree, it may be helpful if counsel for the party seeking support attach a copy of that agreement to the complaint it is filing with the domestic relations section although this is not required by the Pennsylvania Rules of Civil Procedure. As this court interprets Millstein, the domestic relations office hearing officer could enter an order in the amount set forth in the agreement (or possibly in a greater amount), unless otherwise agreed to by both parties. The party aggrieved by this decision can, of course, file exceptions and proceed with discovery and a hearing as authorized by the rules aforesaid.

### ORDER

And now, this June 22, 1983, the disposition of the exceptions filed by both parties is deferred until a hearing has been held or agreement reached by the parties. All discovery must be completed by July 29, 1983, after which either party may request that a hearing be scheduled by the district court administrator.